## 32627. MIZE v. THE STATE.

NICHOLS, Chief Justice.

The defendant was tried and convicted of murder and sentenced to life imprisonment.

1. The first and thirteenth enumerations of error complain of the admission of photographs of the deceased and the scene of the crime. The sixth enumeration of error complains of the admission in evidence of clothing worn by the deceased at the time of his death.

It has long been settled in this state that photographs of the scene of a crime, the body of the victim and articles of clothing worn by the victim when properly identified, are admissible in evidence notwithstanding that they may be cumulative of other testimony and evidence presented. *Johnson v. State,* 226 Ga. 511 (2) (175 SE2d 840) (1970); *Dixon v. State,* 231 Ga. 33 (2) (200 SE2d 138) (1973); *Alexander v. State,* 239 Ga. 108 (1) (236 SE2d 83) (1977). There is no merit in these enumerations of error.

2. The second, fourth and fifth enumerations of error contend the trial court erred in finding that appellant had intelligently and knowingly waived his rights in making a statement and thereafter in admitting the statement he had made. The tape recording, and later, because of the poor quality of the recording, the transcript of such statement, was introduced in evidence.

The defendant testified at the Jackson-Denno hearing that he understood his rights as they were read and explained by the officer who took his statement, that he was nervous about being asked to come to the detective's office, but that no threats were made; the officer asked the appellant if he would sign the waiver of

rights previously explained and appellant signed such waiver. The trial court did not err in admitting the defendant's statement. *High v. State,* 233 Ga. 153 (1) (210 SE2d 673) (1974).

After determination that the defendant's statement was voluntary, the state introduced the tape recording of the statement. Due to the poor quality of the tape recording, the trial court allowed the state to also introduce a transcript of the statement. The defendant's counsel objected to the "double-barreling" of the statement. The trial court cautioned the jury that by allowing the transcript of the statement in evidence, they were not to place any emphasis on it, but it was being allowed only for the sake of clarity.

In view of the cautionary instructions given, the admission of the transcript of defendant's statement shows no error.

3. The third enumeration of error complains of the overruling of defendant's motion for mistrial. One of the investigating officers testifying was asked: "Where did you go?" The witness answered: "To get the murder weapon." Counsel made a motion for mistrial on the ground that it had not been established that the weapon was the "murder weapon." The trial court instructed the jury to disregard any reference to the weapon as being the "murder weapon" and that it was for the jury to determine from the evidence as to the use of the weapon. Counsel did not renew his motion or ask for further instructions. Accordingly, this enumeration of error is without merit. *Pritchard v. State,* 225 Ga. 690 (1) (171 SE2d 130) (1969).

4. The seventh enumeration of error complains of allowing defendant's expert witness to be cross examined from a text or treatise contending that a proper foundation had not been laid. Defendant's expert witness testified that he was familiar with the book, that he had studied under the editors of the book, had used it during his studies and that it was accepted as one of the many books in the field. There is no merit in this enumeration of error. *State Hwy. Dept. v. Willis,* 106 Ga. App. 821, 824 (128 SE2d 351) (1962).

5. The eighth and twelfth enumerations of error contend the trial court erred in allowing two witnesses for

the state to give their opinions as to the sanity of the defendant. Both witnesses testified as to the length of time they had known defendant and the opportunity to observe defendant's conduct.

"'That the statement of facts or reasons given by the sheriff as a basis for his opinion as a non-expert witness was sufficient to authorize the admission of such opinion is decided by former rulings of this court.' *Strickland v. State,* 137 Ga. 115, 117 (72 SE 922); *Jarrard v. State,* 206 Ga. 112 (3, 4) (55 SE2d 706)." *Lingo v. State,* 224 Ga. 333, 342 (162 SE2d 1) (1968). There is no merit in these enumerations of error.

6. The ninth enumeration of error contends it was error to allow a witness to testify whose name was not on the list of witnesses furnished defendant as demanded prior to arraignment. The witness called was in rebuttal.

"Calling an unlisted witness in rebuttal is not error. *Prevatte v. State,* 233 Ga. 929, 930 (214 SE2d 365) (1975); *Eberheart v. State,* 232 Ga. 247, 253 (206 SE2d 12) (1974)." *Nunnally v. State,* 235 Ga. 693 (13) (221 SE2d 547) (1975).

7. The tenth enumeration of error contends the trial court erred in failing to charge on delusional compulsion. The defendant testified that he went to the victim's home to talk with him and reason with him to leave his wife alone. When the victim answered the door, he told defendant to wait a minute. While the defendant was waiting, he went back to his car and got his gun. The victim then invited the defendant into his home. The victim informed defendant that he had already discussed the matter with him once and did not want to talk about it again and walked toward the door; that as the victim turned he took his hand out of his pocket and had a gun in his hand. The defendant said he knew it had to be him or the victim so he shot him. After he shot him, the defendant said the victim fell against the wall and he saw blood coming out of him, so he just walked out and went back home. The only evidence of any delusion was that he frequently talked to God and that God talked to him, but nowhere did the defendant testify that God told him to do this act.

This does not present a defense of delusional compulsion as set forth by this court in *Graham v. State,*

236 Ga. 378 (I) (223 SE2d 803) (1976), and there is no merit in this enumeration of error.

8. The eleventh, fourteenth, fifteenth and sixteenth enumerations of error contend the trial court erred in not directing a verdict of acquittal and that the evidence was insufficient to support the verdict of guilty. We have reviewed the record in this case and find the evidence sufficient to support the verdict. There is no merit in these enumerations of error.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1977 — DECIDED OCTOBER 25, 1977 — REHEARING DENIED NOVEMBER 9, 1977.

*Charles W. Smith, Jr.*, for appellant.

*Jeff C. Wayne*, District Attorney, *James H. Whitmer*, Assistant District Attorney, *Arthur K. Bolton*, Attorney General, *Kirby G. Atkinson*, Assistant Attorney General, for appellee.