## 58449. DISMUKE v. THE STATE.

BANKE, Judge.

The appellant was convicted of operating a gambling establishment, communicating gambling information, and commercial gambling. His first three assignments of error allege deficiencies in the wiretap warrant which produced significant evidence against him. The warrant was signed by the issuing judge on December 22, 1977, and recited that "surveillance shall commence at 2:00 o'clock p.m. on the 27th day of December 1977, and, in any event shall cease at 2:00 o'clock p.m. on the 16th day of January 1978." The warrant was issued under the authority of Code Ann. § 26-3004, which provides in pertinent part: "(e) Investigation warrants issued under this section shall be valid for no more than 20 days after issuance, unless renewed for an additional 20-day period for good cause shown at the time of written application for such renewal." Appellant contends that the warrant was invalid on its face because its authorization extended beyond 20 days after issuance. In the alternative, appellant argues that if the warrant was not invalid on its face, any evidence obtained after January 10, 1978 (the 20th day after signing), was illegal and should have been suppressed. *Held:*

1. "The word 'issue' in this connection is defined by Webster's New International Dictionary, 'to send out officially; to deliver by authority; to publish or utter; to

put into circulation; to emit, as to issue an order, to issue a writ, to issue notes.' A magistrate may not issue a writ by merely writing out the same in legal form and executing it and then concealing it, or putting it away amongst his papers, but, for the writ to be issued, it must be . . . placed in motion by delivery to the proper executive officer." Dubbs v. Lehman, 100 Fla. 799 (130 S 36, 38). The warrant in this case was clearly issued on December 22, 1977, and had 20 days of statutory life from that date. Thus, the evidence obtained after January 10 was obtained illegally, and the trial court erred in failing to grant defendant's motion to suppress as to that evidence. This error requires reversal of Counts 1, 2, 7, 8, 9, 10, 11, and 12. The defendant's conviction on Counts 3, 4, 5, and 6 is unaffected by this error.

2. Appellant also contends that the wiretap warrant was invalid in that it was based in part on a police officer's affidavit that he had eavesdropped on conversations between appellant and an unnamed third party with that party's consent. Appellant complains that he was not able to test the alleged consent because the trial court would not require disclosure of the third party's identity. The affidavit in support of the warrant in this case was extremely thorough and detailed. "Assuming arguendo that this portion of the affidavit should be stricken, the . . . portions which remain are sufficient to establish probable cause for the issuance of the warrant." *Cauley v. State,* 130 Ga. App. 278, 285 (203 SE2d 239) (1973). This enumeration is without merit.

3. Appellant's final enumeration of error complains that the quality of the taped phone conversations was too poor to be reliable as evidence and that the court erred in allowing the jury to use transcripts of the recordings, prepared by a police officer, as they listened to the tapes. The trial court gave the following cautionary instruction to the jury:

"The court states on the bench that this tape might be difficult for you to understand. Of course, you are the judges of the evidence in this case, and it is up to you to determine what if any thing, is said on these tapes. Now, the bailiff is passing out a transcript that was admittedly made by Mr. Osborne, who is, of course, a witness for the

state. I want to caution you, you may use these transcripts as you listen to the tapes, so I want to caution you that this transcript doesn't necessarily mean what that tapes say. You are able to use that as it may help you and it may not. It is not evidence of the fact, it is merely Mr. Osborne's opinion as to what it says. I want to caution you that you must use that with extreme caution, as far as knowing what the truth or what this tape actually says. It is up to you, as jurors in this case, to decide what is said by the conversations on this tape, and to apply them in whatever manner you may seem fit in the trial of this case. I just wanted to give you those precautionary instructions." This procedure was approved in *Mize v. State,* 240 Ga. 197 (240 SE2d 11) (1977).

*Judgment affirmed as to Counts 3, 4, 5 and 6 and reversed as to Counts 1, 2, 7, 8, 9, 10, 11, and 12. McMurray, P. J., and Underwood, J., concur.*

ARGUED SEPTEMBER 25, 1979 — DECIDED OCTOBER 19, 1979 — REHEARING DENIED NOVEMBER 2, 1979 — 

*William H. Hedrick,* for appellant.

*William S. Lee, District Attorney, Richard L. Hodge, Assistant District Attorney,* for appellee.