## 58629. HIGHT v. THE STATE.

SOGNIER, Judge.

Hight was convicted in the Superior Court of Floyd County of driving a motor vehicle after being declared an habitual violator and while his permit to operate a motor vehicle was revoked. Hight appeals, contending the trial court erred by denying his motion to quash the indictment and by denying his motion for a directed verdict.

1. Pursuant to Code Ann. § 68B-308 (a) Hight was declared an habitual offender on June 20, 1977 and his permit to operate a motor vehicle was revoked for a period of five years from that date. Hight received notice of such declaration and suspension by personal service on November 3, 1978. On January 9, 1979 Hight was operating a motor vehicle while the suspension was in effect. At trial Hight moved to quash the indictment against him on the grounds that the Act amending Article III, Code Title 68B repealed all laws and parts of laws in conflict with the Act of February 24, 1978 (Ga. L. 1978, p. 228). Therefore, appellant contends the Act prohibits the prosecution of any person determined to be an habitual offender under Code Ann. § 68B-308 (a) prior to its amendment. The fallacy of such an argument is that the legislature did not repeal Article III of Code Title 68B — they *amended* it. To hold otherwise would be to hold that the amendment to Title 68B repealed itself. In *Kelly v. Cofer,* 150 Ga. App. 24 (256 SE2d 635) (1979) appellants made the same contention presented in this case, and this court held that "[w]e must reject appellants' contention, as it is contrary to the express legislative intent that the lesser time period be invoked *only when* the third (or fourth, etc.) offense takes place on or subsequent to July 1, 1978." Thus, there is no merit to Enumeration 1.

2. Appellant's contention that a certified copy of the notice declaring him an habitual offender was not sufficient to sustain his conviction is also without merit. Code Ann. § 68B-215 (e) provides, in pertinent part, that "[w]hen so certified, such records shall be admissible as evidence in any . . . criminal proceeding as proof of the contents thereof." As properly certified copies of the notice that Hight had been declared an habitual offender were introduced in evidence, no further proof is required, and the trial court did not err in denying the motion for a directed verdict.

*Judgment affirmed. McMurray, P.J., and Banke, J., concur.*

Submitted October 15, 1979 — Decided January 29, 1980 —

*James A. Satcher, Jr.,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.