## 60883. MOON v. THE STATE.

SHULMAN, Presiding Judge.

Defendant was convicted of operating a motor vehicle after having been declared an habitual violator under Code Ann. § 68B-308. We affirm.

1. Defendant argues that there was insufficient evidence to authorize the finding that he had notice of his habitual violator status. We disagree. There was documentary evidence admitted at trial that official notice of revocation was sent by mail to the defendant. A certified copy of the postal receipt for such notice, signed by a Mrs. Larry Moon, was introduced in evidence, along with an official notification form signed by a Larry W. Moon, wherein the signor acknowledged that he had been personally served with notice of his habitual violator status (which notification was certified pursuant to Code Ann. § 68B-215 (e); compare *Blackmon v. State,* 153 Ga. App. 359 (1) (265 SE2d 320)).

"Code Ann. § 68B-215 (e) provides, in pertinent part, that '(w)hen so certified, such records [copies of notice] shall be admissible as evidence in any . . . criminal proceedings as proof of the contents thereof.' As properly certified copies of the notice that [defendant] had been declared an habitual offender were introduced in evidence, no further proof is required . . ." *Hight v. State,* 153 Ga. App. 196, 197 (264 SE2d 717).

In view of the evidence of notification (admitted without objection), appellant's contentions of error in regard to the suf-

ficiency of his notice as an habitual offender are without merit. See *Hight,* supra.

2. Defendant asserts that the trial court erred in sustaining the state's objection to the following statement made by defense counsel in his closing argument: "We have proved that man realized all this time if he was caught behind the wheel of a car that he would serve one to five years in the penitentiary." Sustaining the state's objection, the trial court instructed defense counsel not to go into punishment. The court acted properly in so ruling. See, e.g., *Mayo v. State,* 139 Ga. App. 520 (1) (229 SE2d 16).

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, C. J., and Carley, J., concur.*

SUBMITTED OCTOBER 7, 1980 — DECIDED JANUARY 6, 1981.

*Nathaniel David Wages,* for appellant.

*Nat Hancock, District Attorney, Tim Madison, Assistant District Attorney,* for appellee.