## 62657. PAYNE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of theft by receiving stolen property, that is, in knowing or that he should have known the property was stolen and the property not having been received and disposed of with intent to restore it to its rightful owner. Defendant appeals directly. *Held:*

1. Defendant's first enumeration of error is that the conviction should be reversed inasmuch as he was not rendered effective assistance of counsel at the trial. Where retained counsel is a member in good standing of the State Bar of Georgia, a prima facie case of competence is made out. See *Hudson v. State,* 156 Ga. App. 281, 282 (2) (274 SE2d 675). Defendant fails to point out in what manner his retained counsel failed to properly represent him but merely offers argument by brief with reference to certain trial tactics, the failure to call witnesses, the failure to obtain a continuance in order to have time to subpoena certain witnesses without stating who the witnesses were or to otherwise show that counsel was incompetent. The case of *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515), is controlling here as the retained trial counsel has not been shown to be ineffective. The case of *McAuliffe v. Rutledge,* 231 Ga. 745 (204 SE2d 141), which was reversed because defendant's counsel had failed to perform a routine duty resulting in a dismissal of his client's appeal, thereby denying the client a right of review after conviction, is not controlling here. See *Suits v. State,* 150 Ga. App. 285 (1) (257 SE2d 306).

2. Where one party to a conversation authorizes it to be secretly transmitted by radio transmission to others such electrical surveillance does not constitute an illegal search and seizure. See *State v. Birge,* 240 Ga. 501 (241 SE2d 213). This question is controlled adversely to the defendant by the cases of *O'Dillon v. State,* 245 Ga. 342, 343-344 (2) (265 SE2d 18), and *Drake v. State,* 245 Ga. 798, 800 (2) (267 SE2d 237). The trial court did not err in allowing in evidence

the tape recordings of the conversations between the defendant and a state's witness.

3. The trial court did not err in allowing in evidence testimony that the defendant had conspired to murder the state's key witness, the same being acts constituting an admission by conduct. See *Smith v. State,* 142 Ga. App. 1, 4 (4) (234 SE2d 816), and cits.

4. Defendant contends that he had no knowledge that the goods were stolen, that is, when he purchased the allegedly stolen automobile, but if a person retains a stolen item knowing or in a situation in which he should have known that the property was stolen and then disposes of it, actually knowing that it was stolen, these facts authorize a charge that knowledge that goods are stolen is an essential element of the crime of theft by receiving stolen property. It is true that an essential element of the crime of theft by receiving stolen property is knowledge that the goods are stolen when the defendant receives the property, but such knowledge may be inferred from circumstances which would excite the suspicions of an ordinarily prudent man. After the fact knowledge tends to show guilty retention and will sustain a conviction. *Johnson v. State,* 135 Ga. App. 768, 769 (2) (219 SE2d 25). Here the defendant not only was charged with receiving stolen property, but also with disposal of the stolen property, that is, "said property not having been received and disposed of with intent to restore it to the owner." The cases of *Pate v. State,* 158 Ga. App. 395, 396 (1) (280 SE2d 414); and *Shorts v. State,* 137 Ga. App. 314 (223 SE2d 504), do not require a reversal here, that is, that the trial court failed to properly charge the jury as to the elements of the crime.

5. In the remaining enumeration of error defendant contends that a new trial should be granted because of newly discovered evidence as to the truthfulness of the testimony of a state's witness concerning the alleged conspiracy to murder the key state witness. No motion for new trial or extraordinary motion for new trial was filed and heard, but the defendant seeks to raise this by pointing out certain evidence which was heard at a bond hearing. The proper procedure for obtaining a new trial on the issue of newly discovered evidence has not been followed inasmuch as this issue was not properly raised and presented to the trial court. See Code § 70-204, and former § 70-205 repealed by Georgia Laws 1965, pp. 18, 39. Nevertheless, we find no merit in this enumeration of error which merely seeks to attack the credibility of the witness who testified against the defendant with reference to the alleged conspiracy to murder. *Wanzer v. State,* 235 Ga. 226, 227 (219 SE2d 96); *Messer v. State,* 147 Ga. App. 538 (249 SE2d 344).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

Decided January 6, 1982 —
Rehearing denied February 11, 1982 — 

*George C. Rosenzweig,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.