## 64703. NOLES v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of being an habitual violator and of the offense of driving under the influence. He was sentenced to a term in confinement.

Defendant was arrested after he ignored several attempts by two law enforcement officers to persuade him to stay off the road. He first encountered the officers in a parking lot and engaged them in friendly conversation during which time a strong odor of alcohol was detected about the defendant. He had obviously had too much alcohol to drink and the officers were polite and indulgent. When defendant told them he intended to go home they told him he was too drunk to drive and he should catch a ride, call a taxi, or walk. He ignored the advice, got in his automobile and backed it onto a curb. The officers again warned him not to drive. Shortly thereafter one of the officers saw defendant driving his automobile out of the parking lot. The officer

gave chase, stopped the defendant and arrested him.

Defendant asserts three enumerations on this appeal: (1) that the trial court erred in refusing to charge the jury on entrapment; (2) that the court erred in admitting a computer printout of his entire driving record into evidence; and (3) that the court improperly charged the jury on his right not to testify. *Held:*

1. The first issue is controlled by *Gregoroff v. State,* 248 Ga. 667, 671-672 (285 SE2d 537). In that case the Supreme Court adopted an exception to the rule that a defendant can only avail himself of the entrapment defense when he admits having committed the alleged offense. The exception is "when the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment." *Gregoroff v. State,* supra, at p. 672. In other words, if a reasonable inference of entrapment may be drawn by a rational jury from the state's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.

We find that the first condition, that the state injected evidence of entrapment in its own case in chief, has not been met here. For this reason defendant's contention must fail. Entrapment is defined in Code Ann. § 26-905 (Ga. L. 1968, pp. 1249, 1274) essentially as where a person commits a crime he would not have committed but for the inducement by the state. It is manifestly clear in this case that quite the contrary occurred. Defendant committed the crime despite extraordinary efforts by the police to prevent him from doing so. We hold, therefore, that he was not entitled to a jury charge on entrapment.

2. Defendant next contends that the admission into evidence of a computer printout of his entire driving record was error because it contained immaterial, irrelevant and prejudicial matter and because it was not the best evidence. The indictment charged defendant with the offense of being an habitual violator under Code Ann. § 68B-308 (Ga. L. 1975, pp. 1008, 1032; 1977, pp. 307, 308; 1978, pp. 225, 226; 1980, pp. 691, 693) in that he operated his motor vehicle without having obtained a valid driver's license after having been declared an habitual violator by the Georgia Department of Public Safety and after having been notified that his driver's license had been revoked. This is more precisely an alleged violation of subsection (c) of Code Ann. § 68B-308, supra.

In prosecutions under Code Ann. § 68B-308 (c), supra, the state is required to prove that the defendant was declared an habitual

violator; that his license was revoked; that he received notice that his license was revoked because of his status as an habitual violator; and, that he operated a motor vehicle in this state without having obtained a valid driver's license. See *Hester v. State,* 159 Ga. App. 642, 643-644 (2) (284 SE2d 659). The information in the computer printout of defendant's driving record showing these facts was essential to the conviction of the crime, but the additional material contained therein was irrelevant. *Hester v. State,* supra. However, as the court stated in *Hester v. State,* supra, at page 644, "the mere fact that evidence is 'immaterial' does not necessarily mean that its admission into evidence constitutes reversible error . . . prejudice also must appear."

We fail to see how defendant could have been prejudiced by the admission of the entire driving record. The relevant evidence of him being an habitual violator was undisputed and conclusive. See *Moon v. State,* 156 Ga. App. 877 (1) (275 SE2d 813); *Hight v. State,* 153 Ga. App. 196 (2) (264 SE2d 717). The irrelevant matter on the printout was thus superfluous and could not have contributed to the verdict. See *Beasley v. State,* 157 Ga. App. 94 (276 SE2d 144). See also *Hester v. State,* 159 Ga. App. 642, supra.

Defendant's further challenge to this evidence, that it was not the best evidence, is without merit. The printout was properly certified and therefore it was admissible as evidence in any civil or criminal proceeding as proof of its contents. Code Ann. § 68B-215 (e) (Ga. L. 1975, pp. 1008, 1021; 1978, p. 920; 1979, p. 142; 1980, pp. 917, 918); *Wallace v. State,* 158 Ga. App. 338 (1) (280 SE2d 385); *Magruder v. Cofer,* 153 Ga. App. 7 (3) (264 SE2d 506).

3. The final contention is that the trial court erred in its charge to the jury regarding his right not to testify. Defendant argues that the charge as given was insufficient in that it did not explain to the jury that it should consider the testimony elicited on cross-examination as probative evidence, as well as the inferences that could be drawn from that evidence as argued in the defense's closing.

The state points out in its brief that the challenged portion of the charge is identical to that in *Stapleton v. State,* 235 Ga. 513, 517 (2) (220 SE2d 269), which was upheld. We further find that the evidence and other circumstances of this case did not demand the additional instructions requested by defense counsel after the court's recharge to the jury. We hold that the charge given, taken as a whole, correctly stated the applicable law and principles and that it fairly presented the issues to the jury. See *Dyke v. State,* 232 Ga. 817, 825 (209 SE2d 166) (1974), cert. den., 421 U. S. 952 (95 SC 1687, 42 LE2d 106) (1975); *Brownlee v. State,* 155 Ga. App. 875, 876 (3) (273 SE2d 636) (1980).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED OCTOBER 29, 1982.

*Kenneth L. Gordon,* for appellant.
*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.