## 65243. MENEFIELD v. THE STATE.

SHULMAN, Chief Judge.

Appellant was found guilty of the possession and sale of marijuana. In his appeal from the judgment entered on that jury verdict, appellant cites *Gregoroff v. State,* 248 Ga. 667 (285 SE2d 537), and contends that the trial court's failure to charge the jury on the law of entrapment was reversible error.

At appellant's trial, an undercover police officer testified that he had purchased six bags of marijuana from appellant. The officer stated that, at the behest of the West Point police, he had donned a body bug and entered a particular apartment in West Point in order to make a drug purchase from a man called Jill. When Jill informed the officer that he no longer used marijuana, the officer turned to leave the apartment. At this point, a man later identified as appellant asked questions of Jill pertaining to the officer. Appellant then turned his inquiries to the officer and left the apartment with the undercover agent. Once on the street, appellant asked the officer if he had been seeking marijuana. When the officer answered in the affirmative, appellant inquired as to the amount the officer sought. Having been told that the agent wanted to purchase "dime bags," appellant stated that he had "nickel bags." After selling two bags to the officer, appellant asked if that was all the purchaser needed. When appellant told the officer he had more marijuana, another sale of two bags was consummated. The above conversation was repeated, and a third sale of two bags of marijuana was completed. The officer

then identified himself and arrested appellant. A second police officer testified that the body bug worn by the undercover officer allowed him to overhear the three transactions. Appellant rested without presenting any evidence.

1. "[W]hen the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment." *Gregoroff v. State,* supra, p. 672. "In other words, if a reasonable inference of entrapment may be drawn by a rational jury from the state's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime." *Noles v. State,* 164 Ga. App. 191, 192 (296 SE2d 768).

In the case at bar, as in *Noles,* the first *Gregoroff* criterium, that the state inject evidence of entrapment, has not been satisfied. The uncontradicted testimony of the undercover officer shows that he did not induce or solicit appellant to commit the crime. Code Ann. § 26-905 (OCGA § 16-3-25); *Thurmond v. State,* 161 Ga. App. 602 (2) (288 SE2d 780).

2. Appellant's motion to dismiss appellee's brief as untimely is denied.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 25, 1983.

*William C. Campbell, David W. Davenport,* for appellant.

*Arthur E. Mallory III, District Attorney, James M. Garcia, Assistant District Attorney,* for appellee.