69714. LAWRENCE v. THE STATE.
69912. McCORMICK v. THE STATE.
(331 SE2d 600)

DEEN, Presiding Judge.

Kenneth Lawrence and Norris J. McCormick appeal from their convictions of two counts of violating the Georgia Controlled Substances Act. Appellants have pursued separate appeals, but those enumerations which are common to both will be considered together.

*Case numbers 69714, 69912*

1. The trial court did not err in denying appellants' motions to sever. Under OCGA § 17-8-4, when two or more defendants are indicted "for a felony less than capital, or for a misdemeanor, such defendants may be tried jointly or separately in the discretion of the trial court." In exercising its discretion, the court should consider such factors as whether the number of defendants will create confusion of the evidence and law applicable to each defendant, whether there is a danger that evidence against one defendant will be considered against the other despite the court's admonitory precaution, and whether the defendants' defenses are antagonistic to each other and each other's rights. *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). In *Kesler v. State*, 249 Ga. 462, 469 (291 SE2d 497) (1982), the court found no abuse of discretion under the criteria set forth above where a conspiracy is shown, where the defenses of the co-defendants are not antagonistic and where the jury is carefully instructed on con-

spiracy and that they must consider the state's case against each defendant separately. We have examined the transcript and find that all criteria have been met including the fact that the jury was properly instructed.

2. The trial court properly allowed transcripts of certain tape recordings into evidence and given to the jury for their assistance while the recordings were being played. A proper foundation was laid as to the accuracy of the tapes when GBI Agent Davis testified that he compared the transcripts to the original recordings and found the transcripts to be accurate. *Burke v. State*, 248 Ga. 124, 125 (281 SE2d 607) (1981). Before the jury received the transcripts the court instructed the jury that the purpose of the transcripts was to enable them to understand the recordings better and cautioned them that the transcripts were solely to be used as an aid to understand the tapes, that the jury alone was the judge of what the tapes said or did not say, and that the transcripts could not be used for determining what the tapes say. This instruction comports with the requirements of *Mize v. State*, 240 Ga. 197, 198 (240 SE2d 11) (1977) and *Dismuke v. State*, 152 Ga. App. 188, 190 (262 SE2d 490) (1979), which respectively hold that a jury cannot place any emphasis on a transcript as it is being allowed only for the sake of clarity and that the jury alone determines what is said by the conversations on the tape.

3. At one point during the playing of one of the tapes there was no conversation because McCormick had left to make a telephone call and a radio was heard playing and a newscast was aired. Appellants contend that the trial court erred in denying their motions for a mistrial because the newscast caused the jury to be prejudiced against them. The newscast gave an account of the sentencing of a former CIA agent to 25 years in prison after being found guilty of attempting to murder a federal prosecutor. We find that the newscast was not relevant to the instant case and cannot see how this information could possibly have prejudiced the defendants in the eyes of the jury as appellant McCormick was a City of Milledgeville police officer who was accused of selling cocaine, and the report concerned a CIA agent's conviction for murder. Appellant Lawrence's background cannot be determined from the transcript. Moreover, appellants' counsel were given the opportunity to listen to the tapes prior to trial and to compare them with the transcripts. If counsel had done so, it would have been apparent that only conversation and not the newscast had been transcribed and a pre-trial request that the newscast be deleted could have been filed if the newscast was thought to be harmful to the defendants. After the motion for a mistrial was made, the court instructed the jury to disregard any information it received from listening to the tapes about other unrelated crimes which were picked up on the tapes. The court offered counsel the opportunity to give addi-

tional curative instructions if they desired, but they declined. We find no merit in this enumeration.

*Case number 69912*

4. It is not error for the court to permit the jury to hear tape recordings made from a Nagra recording device attached to the body of a state's witness with the witness' consent. *Payne v. State*, 161 Ga. App. 233 (291 SE2d 236) (1982). See also OCGA § 16-11-66.

5. GBI Agent Bert Davis was properly permitted to testify as to his knowledge of "stash houses" and "safe cribs." This evidence was relevant to show that a dormitory room rented by Rose Lawrence was a "stash house" where a cocaine dealer could store his merchandise. Cocaine found in this apartment led to the investigation of McCormick, who was Rose Lawrence's brother-in-law. The state presented evidence establishing his knowledge that cocaine had been spilled in the room and that he did not begin any sort of investigation into the matter.

6. Appellant's contention that it was error to permit a witness, a co-defendant whose name appears on the indictment, to testify although his name was not furnished to the defense as required by OCGA § 17-7-110 has been decided adversely to appellant. *Wright v. State*, 167 Ga. App. 445 (306 SE2d 428) (1983); *Lingerfelt v. State*, 238 Ga. 355, 358 (233 SE2d 356) (1977).

7. It was not error for the trial court to permit a witness to testify as to appellant's previous involvement with cocaine. The witness testified that he paid appellant $50 every two months (a total of $200) to find out who the police were going to arrest for drug activities and that on one occasion he paid him with cocaine. This evidence was relevant to show appellant's predilection to dealing in drugs. The credibility of such testimony would be for the jury to determine.

8. In compliance with defendants' *Giglio* motions, the jury was informed of the agreement with the witness Hitchcock, a co-indictee, and the State as to the sentence he would receive in exchange for his guilty plea and the fact that he would actually serve five years in prison under the present grid system of calculating time to be served. This information was elicited in response to a request from appellant's counsel. In closing argument the District Attorney pointed out that the witness would only serve five years. This comment was made only in reference to Hitchcock and was a proper comment on evidence elicited at the request of the defendant.

9. Testimony about the search of the dormitory room rented by Rose Lawrence was properly introduced into evidence, as it formed the basis for the investigation of appellant McCormick. It confirmed a witness' story that while in the room he accidentally spilled a sub-

stance he later discovered was cocaine, and that McCormick identified the substance on his trousers as cocaine, but did nothing about it. This evidence was further corroborated by the tape recordings.

10. During his testimony McCormick testified that he "made more arrests for drug busts than any other officer on the police force." Hitchcock testified that if you did not pay appellant "he would bust you." It was therefore not error for the District Attorney to argue during closing argument "but I wonder how many of those people he busted were competition. It also makes you wonder how many of them didn't have drugs until he searched the place." This argument is a reasonable deduction from the evidence. See *Thomas v. State*, 169 Ga. App. 119, 121 (312 SE2d 373) (1983); *Sharp v. State*, 153 Ga. App. 486 (265 SE2d 837) (1980).

11. In his final enumeration of error, appellant contends that the trial court erred in failing to give his requested charges on entrapment and argues the applicability of *Gregoroff v. State*, 248 Ga. 667 (285 SE2d 537) (1982).

Normally a defendant must admit the commission of the crime in order to raise the defense of entrapment. *Griffin v. State*, 154 Ga. App. 261, 263 (267 SE2d 867) (1980). There is an exception but it does not apply here. Appellant McCormick was not entitled to a charge on entrapment because the State did not show evidence of entrapment. It is only this circumstance, in the context of a defendant's offering no evidence of entrapment inconsistent with his defense that he did not commit the crime, that would entitle him to a charge on entrapment. *Gregoroff*, supra at 672. See also *Menefield v. State*, 165 Ga. App. 545 (301 SE2d 902) (1983).

The law provides that: "A person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. Here there is no evidence whatsoever that Williamson, acting as agent of the government, "induced" appellant to commit the criminal act "by undue persuasion, incitement, or deceitful means." In another case, it was said that " 'undue persuasion' . . . must mean something more than repeated requests for contraband drugs knowingly owned and possessed by one who at first demurs to the disposition of his drugs." *Garrett v. State*, 133 Ga.

App. 564, 566 (211 SE2d 584) (1974).[1] Thus here as well, evidence of mere persuasion is not enough. Based on this absence, no "reasonable inference of entrapment [could] be drawn by a rational jury from the state's evidence," so no charge on entrapment was required. *Noles v. State*, 164 Ga. App. 191, 192 (296 SE2d 768) (1982).

*Judgment affirmed in case numbers 69714 and 69912. Pope and Beasley, JJ., concur.*

DECIDED APRIL 17, 1985 —
REHEARING DENIED MAY 17, 1985 —

*D. Wayne Rogers*, for appellant (case no. 69714).

*Robert H. Green, Thomas J. Phillips, Jr.*, for appellant (case no. 69912).

*Joseph H. Briley, District Attorney*, for appellee.

---

[1] Quoted in *Bennett v. State*, 158 Ga. App. 421, 422 (1) (280 SE2d 429) (1981).