70014. LESTER v. THE STATE.
(331 SE2d 31)

POPE, Judge.

Appellant Gary Wayne Lester was tried and convicted, along with co-defendant Katherine Louise Daniel, of selling marijuana. He was sentenced to a term of 10 years, 6 to be served in confinement. The jury was authorized by the evidence to find as follows. Agent Chuck Wade of the Marietta-Cobb-Smyrna Organized Crime Unit, Narcotics Division, was working undercover posing as a student at South Cobb High School. In several weeks of work, Agent Wade made connections with students in the drug culture of the school. His object was to discover the actual drug suppliers. Randy Daniel, a "classmate" of Wade, told him that a friend of Daniel's older sister, Katherine, could supply Wade with a large quantity of drugs. Daniel called Wade and had Katherine talk to him. Wade asked if she could get him a quarter pound of marijuana. She told him yes, to come over and they would go get it. Wade picked them up in his car and was

directed to Lester's residence in Douglas County. When they arrived, Lester walked out to the car. Wade asked Lester if he could get the quarter pound of marijuana. Lester answered yes; Wade was required to pay $260 up front. Lester told him to come back in half an hour. Wade saw Lester get into his car and drive away. At the appointed time, Wade returned. Lester told Wade to get into Lester's car. Inside under an armrest was the bag of marijuana. Lester raised the armrest and Wade took the bag and left. Lester was arrested approximately three weeks later.

1. Lester raises the general grounds. We find that the evidence adduced at trial was sufficient to enable any rational trier of fact to find Lester guilty as charged beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lester argues that the trial court failed to sufficiently determine as a matter of law that statements made by Lester to police at the time of his arrest and booking were freely and voluntarily made. The warrant under which Lester was arrested identified him as Neese since this was the name by which Agent Wade knew Lester. At the time of his booking, the name confusion became apparent and Lester was taken to the office where Detective Adams was. Lester told Adams that he had talked with an attorney already. Adams asked Lester what his name was and if he had any identification. In response to this, Lester said that he was just doing a favor for a friend, a girl. It is this statement which concerns us. At trial, out of the presence of the jury, the trial court conducted a hearing and ruled that the statement was admissible. We find no error.

In the case of *Jenkins v. State*, 123 Ga. App. 822 (182 SE2d 542) (1971), the defendant, while being booked, after having been arrested and transported in the company of an officer for an hour and a half, blurted out an admission. The court quoted with approval Professor Yale Kamisar: " 'Although the question is not entirely free from doubt, it seems that . . . routine police "questioning" *not related to the investigation of the case nor designed, expected or likely to elicit information relevant to guilt* may not amount to "custodial interrogation" within the meaning of *Miranda* . . . (A)bsent special circumstances, such questions as "Where do you live?" or "Do you want us to get you a sandwich?" do *not* add to the pressures generated by police custody and therefore *unresponsive* incriminating statements made in reply to such questions should be viewed as equivalent to "blurted out" statements.' " *Jenkins*, supra at 824. "[T]he definition of interrogation can extend only to words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U. S. 291, 302 (100 SC 1682, 64 LE2d 297) (1980). Merely asking a suspect for his name and for identification during booking are not questions

reasonably likely to elicit incriminating responses. The statements were properly admitted.

3. Lester urges as error the court's failure to charge on entrapment. " '[W]hen the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment.' *Gregoroff v. State*, [248 Ga. 667, 672 (285 SE2d 537) (1982)]. 'In other words, if a reasonable inference of entrapment may be drawn by a rational jury from the [S]tate's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.' *Noles v. State*, 164 Ga. App. 191, 192 (296 SE2d 768) [(1982)].

"In the case at bar, as in *Noles*, the first *Gregoroff* criterium, that the [S]tate inject evidence of entrapment, has not been satisfied. The uncontradicted testimony of the undercover officer shows that he did not induce or solicit appellant to commit the crime. Code Ann. § 26-905 (OCGA § 16-3-25); *Thurmond v. State*, 161 Ga. App. 602 (2) (288 SE2d 780) [(1982)]." *Menefield v. State*, 165 Ga. App. 545, 546 (301 SE2d 902) (1983). We find no error.

4. Finally, Lester argues that the court erred in denying him a supersedeas bond. We find no error.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1985.

*James H. Lewis, Robert A. Kunz*, for appellant.
*Frank C. Winn, District Attorney, J. David McDade, Assistant District Attorney*, for appellee.