175 Ga. App. 702 (1985)
334 S.E.2d 30
HARPER
v.
THE STATE.
70353.
Court of Appeals of Georgia.
Decided September 3, 1985.
*704 Jack E. Boone, Jr., for appellant.
Sam B. Sibley, Jr., District Attorney, for appellee.
DEEN, Presiding Judge.
The appellant, Jimmie Louis Harper, was charged with two counts of operating a motor vehicle as a habitual violator, one count of improper backing, and one count of leaving the scene of an accident; *703 he was convicted of only one of the habitual violator counts, for which he was sentenced to five years' imprisonment. On appeal, he contends that the trial court erred in admitting the certified records of the Department of Public Safety which contained his entire driving history. Held:
"In prosecutions under [OCGA § 40-5-58 (c)], the state is required to prove that the defendant was declared an habitual violator; that his license was revoked; that he received notice that his license was revoked because of his status as an habitual violator; and, that he operated a motor vehicle in this state without having obtained a valid driver's license. See Hester v. State, 159 Ga. App. 642, 643-644 (2) (284 SE2d 659). The information in the computer printout of defendant's driving record showing these facts was essential to the conviction of the crime, but the additional material contained therein was irrelevant. Hester v. State, supra. However, as the court stated in Hester v. State, supra, at page 644, `the mere fact that evidence is "immaterial" does not necessarily mean that its admission into evidence constitutes reversible error . . . prejudice must also appear.'" Noles v. State, 164 Ga. App. 191, 192-193 (296 SE2d 768) (1982).
In the instant case, the appellant was convicted only of having operated a motor vehicle as a habitual violator on April 6, 1984. (His license had been revoked in 1977, but apparently he did not surrender it until 1979.) At trial, the arresting officer testified that he had stopped an automobile which was being driven by the appellant (suspecting the vehicle to be the one that had been involved in an earlier traffic offense on December 3, 1983). The appellant acknowledged his declared status as a habitual violator and that he had been driving the automobile without a license on April 6, 1984, but he claimed to have been under the impression that a period of incarceration had erased his habitual violator status.
Under the circumstances, "[w]e fail to see how defendant could have been prejudiced by the admission of the entire driving record. The relevant evidence of him being an habitual violator [on April 6, 1984] was undisputed and conclusive. See Moon v. State, 156 Ga. App. 877 (1) (275 SE2d 813); Hight v. State, 153 Ga. App. 196 (2) (264 SE2d 717)." Noles v. State, supra at 193. That the irrelevant matter on the printout was superfluous and could not have contributed to the verdict was further demonstrated by the appellant's acquittal on the other three charges (relative to the traffic offense of December 3, 1983), a result which, this court suspects, probably surprised even the appellant, considering the quantum of evidence against him on these counts. See Key v. State, 166 Ga. App. 546 (305 SE2d 20) (1983).
Judgment affirmed. Pope and Beasley, JJ., concur.