73316. CHRISTIAN v. THE STATE.
(353 SE2d 65)

McMurray, Presiding Judge.

Defendant appeals his conviction of the offense of violation of the Georgia Controlled Substances Act (selling marijuana). *Held*:

1. Defendant enumerates as error the trial court's refusal to give his requested charge on entrapment. The State's evidence shows that an agent of the Georgia Bureau of Investigation (GBI) was assigned to assist in drug investigations as an undercover agent. The GBI had contact with an informant which resulted in an introduction to defendant at his house. The informant asked defendant if he had a quarter pound of marijuana, but defendant "said that he'd been looking for it all night, he could not find it anywhere, and couldn't get it that night." The following day the GBI agent and informant met defendant at a convenience store where the GBI agent asked defendant "if they had the quarter pound of marijuana . . ." Defendant answered that his friend Pilgrim was on the phone and that he would know something soon. Pilgrim came out of the convenience store and produced a small loose quantity of marijuana as a sample. Pilgrim and defendant left to get the marijuana after setting a meeting time at another convenience store across the street because it was in Clayton County. At the Clayton County convenience store defendant went into the store while Pilgrim gave the GBI agent the marijuana and was paid for it. Defendant's companion and co-defendant Pilgrim pleaded guilty and testified for the State in the case sub judice. Defendant rested without presenting any evidence.

"[W]hen the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a

charge on entrapment." *Gregoroff v. State*, 248 Ga. 667, 672 (285 SE2d 537). See also *Noles v. State*, 164 Ga. App. 191, 192 (296 SE2d 768). Neither the GBI agent's testimony on cross-examination that her intention upon going to assist Fayette County was to buy whatever Fayette County had lined up or the fact that the GBI agent was introduced to defendant in his home suggest entrapment. As the State's evidence raised no suggestion of entrapment and there was no admission of guilt by defendant, the trial court did not err in refusing to charge on entrapment. *Gregoroff v. State*, 248 Ga. 667, 672, supra; *Menefield v. State*, 165 Ga. App. 545 (301 SE2d 902); *Norris v. State*, 176 Ga. App. 164, 167 (5) (335 SE2d 611).

2. Defendant enumerates as error the trial court's refusal to give his requested charge on the lesser included offense of possession of less than one ounce of marijuana. Pilgrim testified that after he and defendant obtained the marijuana for the sale to the GBI agent, upon defendant's request he "rolled one up," which they smoked on the way back to the GBI agent. Defendant contends that this was evidence of mere possession so that his charge should have been given. See *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354). However, taken as a whole, the State's uncontradicted evidence shows the completion of the greater offense of a sale of marijuana. Under these circumstances there was no error in the trial court's refusal to charge the lesser offense. *Awtrey v. State*, 175 Ga. App. 148, 151 (3) (332 SE2d 896); *Padgett v. State*, 170 Ga. App. 98, 99 (1) (316 SE2d 523); *Roberts v. State*, 242 Ga. 634, 635 (2) (250 SE2d 482).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.

*Martin L. Cowen III*, for appellant.

*Robert E. Keller, District Attorney, David Marshall, Assistant District Attorney*, for appellee.