## 75599. HAROLD v. THE STATE.
(364 SE2d 615)

POPE, Judge.

Defendant was indicted for selling a controlled substance (cocaine) and was convicted by a jury of the lesser included offense of possession of cocaine. *Held*:

1. Defendant first argues that the evidence is insufficient to support the verdict because it was procured by means of entrapment. See OCGA § 16-3-25. As to this issue, the evidence shows the following: On October 3, 1985 defendant and others were passengers in a car driven by Agent Charles Boyd of the Georgia Bureau of Investigation. At the time of the incident, Agent Boyd was part of an undercover sting operation conducted by the GBI in Columbus, Georgia. Agent Boyd testified that he indicated to defendant that he wanted to purchase some cocaine, and that defendant directed him to a certain address in the Third Street (or Avenue) area. Agent Boyd further testified that the defendant met with an unidentified male subject at the stated address, that the defendant and the unidentified male subject went for a short walk, returned and went inside the building located there. Defendant then exited the building, returned to the car, and handed Agent Boyd a quantity of cocaine. Agent Boyd then paid the defendant $50 for the cocaine. Agent Boyd also testified that he and other GBI agents sometimes simulated the use of marijuana and co-

caine as part of their undercover operations and that he had simulated the use of marijuana with the other occupants of the car on the day in question.

The defendant testified that he smoked marijuana and snorted cocaine with Agent Boyd and the other occupants of the car on that date. Defendant further testified that Agent Boyd provided both the cocaine and marijuana and that Agent Boyd participated in the use of both drugs. Defendant admitted that he was a user of cocaine, but denied being addicted to the drug or selling it. Defendant also specifically denied purchasing cocaine for Agent Boyd on the date in question.

"Normally a defendant must admit the commission of the crime in order to raise the defense of entrapment." *Lawrence v. State*, 174 Ga. App. 788, 791 (331 SE2d 600) (1985). However, "if a reasonable inference of entrapment may be drawn by a rational jury from the (S)tate's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime." (Citation and punctuation omitted.) *Lester v. State*, 174 Ga. App. 886, 888 (331 SE2d 31) (1985); see also *Christian v. State*, 181 Ga. App. 569 (1) (353 SE2d 65) (1987).

In the case at bar, the only evidence concerning whether the defendant was entrapped into selling cocaine to Agent Boyd is the uncontradicted testimony of the latter. This testimony shows only that Agent Boyd asked the defendant to procure cocaine for him; there is no evidence that Agent Boyd induced or solicited defendant to commit the crime charged " 'by undue persuasion, incitement, or deceitful means.' " *Lawrence*, supra at 791. Hence, defendant could not avail himself of an entrapment defense as to this issue.

We also reject defendant's argument that the evidence which formed the basis of his conviction for possession of cocaine was procured by improper means because Agent Boyd allegedly furnished the cocaine and simulated its use. In considering a defense of entrapment, "[t]he primary issue is whether the defendant was predisposed to violate the law; it is not entrapment where a government officer merely provides one predisposed to violate the law with the opportunity to do so. [Cits.]" *Norley v. State*, 170 Ga. App. 249, 250 (316 SE2d 808) (1984). Thus, "[t]he entrapment defense focuses on the intent and predisposition of the defendant to commit the crime as well as upon the conduct of the government's agents. *Hampton v. United States*, 425 U. S. 484 (96 SC 1646, 48 LE2d 113) (1976). As stated in *Hampton* at 490: '. . . If the police engage in illegal activity in concert with a defendant beyond the scope of their duties the remedy lies, not in freeing the equally culpable defendant, but in prosecuting the police under the applicable provisions of state or federal law.' See *United*

*States v. Russell*, 411 U. S. 423 (93 SC 1637, 36 LE2d 366) (1973)." *Griffin v. State*, 154 Ga. App. 261, 263 (267 SE2d 867) (1980). Hence, the enumeration affords no basis for reversal.

2. Defendant next argues that the trial court erred in not granting his motion for mistrial based upon testimony that defendant was incarcerated on an unrelated drug charge when the warrant for this arrest was served in the present case. As to his issue the record indicates that defense counsel asked Agent Boyd: "How long after this [the alleged drug purchase] was [defendant] arrested on this charge?" and Agent Boyd responded: "[T]he defendant was arrested on an unrelated drug charge. At some point in time I believe the Columbus Police Department's Vice Squad served him with this warrant." Defendant immediately moved for a mistrial, contending that the statement was unresponsive and placed the defendant's character in issue. The trial court denied the motion, but instructed the jury not to consider any other charges against the defendant; the defendant renewed his motion. On appeal, defendant reasserts his arguments that the testimony was unresponsive, impermissibly placed his character in issue and was highly prejudicial. We disagree. Reviewing the testimony as a whole, it is clear that the witness' answer was not unresponsive to the question propounded by counsel, but rather was an attempt to explain why the witness was unsure of the date on which defendant was served with the warrant for his arrest on the present charge, because the defendant had already been incarcerated when that warrant was served, a fact which was presumably known by the propounder of the question. " 'Although one may legitimately complain about illegal testimony which is not responsive to the question, one cannot take chances in propounding questions which may elicit damaging answers, otherwise inadmissible, and then demand a mistrial when such an answer is given. *Henderson v. State*, 208 Ga. 73, 75 (65 SE2d 175) (1951).' *Felker v. State*, 252 Ga. 351, 377 (314 SE2d 621) [(1984)]." *Byrd v. State*, 182 Ga. App. 284, 286 (355 SE2d 666) (1987); see also *Jackson v. State*, 180 Ga. App. 363 (2) (349 SE2d 252) (1986). "In light of the broad discretion accorded trial courts for decisions to grant or deny motions for mistrial . . . , and considering [the circumstances and corrective action taken] in the present case, [defendant's] enumeration of error is without merit." *McDermott v. State*, 183 Ga. App. 693, 694 (359 SE2d 750) (1987).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED JANUARY 4, 1988.

*H. Haywood Turner III*, for appellant.

*William J. Smith, District Attorney*, for appellee.