## A91A0920. BUTLER v. THE STATE.
### (410 SE2d 168)

SOGNIER, Chief Judge.

Robert Lewis Butler was convicted of selling cocaine and trafficking in cocaine. Finding that the offenses merged, the trial court entered judgment accordingly and subsequently denied Butler's motion for new trial. Butler appeals.

1. Appellant contends the evidence was insufficient to support the verdict because Arthur Carter, the undercover GBI agent, did not observe the transactions, and Jasper Johnson, the informant who made the purchases, was not credible. Agent Carter testified that on the afternoon of June 27, 1989, he and Johnson drove to Cooley Drive

in Gainesville to buy cocaine from appellant. Carter watched as Johnson went to the door of a house in which appellant was known to reside and a man Carter identified as appellant came to the door. When appellant informed Johnson he would not deal directly with Carter and instructed Johnson to buy from Samuel Randolph who was standing nearby, Johnson called for Randolph, who gave Johnson instructions to drive away and return a few minutes later. Carter testified that after he and Johnson did as Randolph directed, Randolph met them at the car when they returned and handed them a plastic bag containing a white powder that proved to be cocaine. When Carter indicated to Randolph that the quantity was inadequate, Randolph went inside appellant's house and returned with more cocaine, for which Carter paid $600.

Carter testified further that he and Johnson returned to the neighborhood the next afternoon, June 28, and parked behind appellant's home. He stated that Johnson went around to the front of appellant's house and returned a few minutes later. Johnson handed Carter a bag containing what proved to be 28.2 grams of cocaine with a purity of 39.5 percent, and Carter gave Johnson $2,000 to be used for payment.

Johnson's testimony established the sequence of events inside the house on June 28. Johnson testified he met appellant at the front door of his home and asked to purchase $2,000 worth of cocaine. Appellant at first stated that he had only crack cocaine, but Johnson then observed appellant take out a plastic bag containing a white powdery substance and break it down into smaller quantities, which he put into other plastic bags. Appellant then handed Johnson a bag of white powder and directed another man to accompany Johnson to get the money from Carter. Johnson was equipped with a concealed tape recorder on both days, and the tape recording of his encounter with appellant on June 28 was consistent with this testimony.

We find this evidence satisfies the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See generally *Holder v. State*, 194 Ga. App. 790-792 (391 SE2d 808) (1990). Although appellant contends Johnson was not credible because he had prior criminal convictions, determination of the credibility of a witness is a task for the jury, not the appellate court. *Ledford v. State*, 173 Ga. App. 456 (1) (326 SE2d 819) (1985). Johnson's testimony constitutes direct evidence of the charged crime, and accordingly we need not consider appellant's arguments concerning circumstantial evidence.

2. In his other enumeration, appellant contends the trial court erred by allowing the jury to be furnished transcripts of the June 28 tape recording proffered by the State so that they could read the transcripts while listening to the recording. Johnson and Carter testi-

fied that during the encounters with appellant on June 27 and 28, Johnson was equipped with a concealed tape recorder that he used to record his conversations with appellant and the other persons in the house. Johnson testified he had listened to the tapes and concluded that they accurately reflected the conversations that occurred. Johnson also testified that he had reviewed the transcript prepared by the State from the June 28 tape and that after he made some corrections he found the transcript to be accurate as well.

Upon appellant's objection to the quality of the tape and the accuracy of the transcript, the trial court conducted a hearing out of the presence of the jury. The trial judge listened to the June 28 tape while reviewing the transcript and also continued the trial until the next morning so that appellant could listen to the tape, review the State's transcript, and prepare his own transcript if he wished. When the trial resumed, the court made some changes to the transcript based on appellant's objections and the court's own conclusion that certain portions should be designated as inaudible because they were too unclear to be transcribed. After instructing the jury that the transcript was not evidence and that they should make their own determinations of its accuracy, the court allowed the jurors to read the transcript while listening to the recording.

It is well settled that a transcript of a tape recording may be furnished to the jurors for their use during the playing of the tape provided that the transcript is shown to reflect accurately the conversations and events recorded on the tape. E.g., *Brooks v. State*, 141 Ga. App. 725, 736-737 (9) (234 SE2d 541) (1977). In the case at bar, this requirement of accuracy was met. Not only did Johnson, a participant in the recorded conversations, attest to the accuracy of the transcript, see *Burke v. State*, 248 Ga. 124, 125 (2) (281 SE2d 607) (1981), but the judge and defense counsel also listened to the tape, compared it to the transcript, and revised the transcript as needed. See *Brooks*, supra at 737 (9). As we discussed in Division 1, appellant's contention that Johnson's testimony cannot be used to authenticate the tape because he was not a credible witness was a matter for the trier of fact. Considering that the proper foundation was laid for admission of the tapes and use of the transcript, and given that the court properly instructed the jury on the limited purpose of the transcript, *Lawrence v. State*, 174 Ga. App. 788, 789 (2) (331 SE2d 600) (1985), we find no error. See id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Charles R. Floyd, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, William M. Brownell, Jr.*,

*Assistant District Attorney*, for appellee.