## S96A1211. MURPHY v. THE STATE.
(475 SE2d 590)

CARLEY, Justice.

After a jury trial, Murphy was found guilty of malice murder, two counts of possession of a firearm during the commission of a crime, and three counts of aggravated assault. The trial court entered judgments of conviction on the jury's guilty verdicts and imposed sentences of life imprisonment for the murder and terms of years for the remaining offenses. Murphy's motion for new trial was denied and he appeals.[1]

1. The State's evidence showed that, as three friends were walking together, a man across the street shouted obscenities, raised a sawed-off shotgun and fired at them. The shot killed one of the three men and injured a woman as she was entering a home nearby. After first disavowing any involvement in the shooting, Murphy eventually admitted that he fired the shot, stating that he had been assaulted earlier by a man who resembled one of the murder victim's friends. At trial, Murphy testified he merely planned to scare his suspected assailant, but the shotgun fired accidentally. Based entirely on his own testimony, Murphy contends that he should have been convicted of voluntary manslaughter rather than murder. However, Murphy's testimony would not prove voluntary manslaughter. Furthermore, the evidence, including Murphy's inculpatory statement and the testimony of the eyewitnesses, authorized a verdict of guilt as to malice murder. See *Doss v. State,* 262 Ga. 499, 501 (5) (422 SE2d 185) (1992). Construing the evidence most favorably for the State, we conclude that a rational trier of fact could have found Murphy guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cannon v. State,* 257 Ga. 475, 477 (1) (360 SE2d 592) (1987).

2. Murphy urges that the trial court erred in failing to give the charge set forth in *Edge v. State,* 261 Ga. 865, 867 (2), fn. 3 (414 SE2d 463) (1992). See also *Russell v. State,* 265 Ga. 203, 205 (3) (455 SE2d 34) (1995). However, the trial court gave a charge which was almost identical to that required by *Edge* and *Russell.* The failure to give a requested instruction is not reversible error where, as here, the charge that was given substantially covers the same principle of law. *Strickland v. State,* 260 Ga. 28, 30 (4) (b) (ii) (389 SE2d 230) (1990). Moreover, the lack of an *Edge* instruction would have been harmless

---

[1] The crimes occurred on May 6, 1994 and Murphy was indicted on October 12, 1994. The guilty verdicts were returned on August 18, 1995 and the judgments of conviction and sentences were entered on September 11, 1995. Murphy's motion for new trial was filed on September 12, 1995 and denied on January 30, 1996. His notice of appeal was filed on February 14, 1996. The case was docketed in this Court on April 18, 1996, and on June 10, 1996, the appeal was submitted for decision.

error at most, since Murphy was found guilty of malice murder. *Smith v. State*, 265 Ga. 495, 496 (3) (458 SE2d 347) (1995); *McGill v. State*, 263 Ga. 81, 83 (3) (428 SE2d 341) (1993).

3. Murphy also urges that the trial court erred in failing to instruct the jury that the State had the burden of proving beyond a reasonable doubt that the homicide was not committed under circumstances which would authorize the jury to find Murphy guilty of voluntary manslaughter, but not of murder. Murphy made no request for any such instruction, and the trial court's charge adequately and correctly set out the law on the presumption of innocence and the State's burden of proof. *Chapman v. State*, 258 Ga. 214, 217 (3) (g) (367 SE2d 541) (1988). See also *Shearer v. State*, 259 Ga. 51, 54 (12) (376 SE2d 194) (1989); *Boyd v. State*, 253 Ga. 515, 518 (7) (322 SE2d 256) (1984).

4. Murphy enumerates as error the trial court's exclusion of evidence of the murder victim's drug use, urging that this evidence was part of the res gestae. According to Murphy's own testimony, it was not the murder victim who assaulted him, and, while Murphy testified that he would hold drugs for others, he did not testify that the motive for his alleged assault was drugs. Thus, the murder victim's drug use was neither a part of the res gestae nor otherwise relevant. See *Russell v. State*, 264 Ga. 121, 122 (2) (441 SE2d 750) (1994); *Cole v. State*, 254 Ga. 286, 288 (1) (329 SE2d 146) (1985); *Peterson v. State*, 212 Ga. App. 31, 33 (3) (441 SE2d 267) (1994); *Goodwin v. State*, 208 Ga. App. 707 (1) (431 SE2d 473) (1993); *Harris v. State*, 196 Ga. App. 304, 306 (3) (396 SE2d 288) (1990).

5. Murphy's statement was transcribed by a certified court reporter. After listening to the tape several times and hearing argument from both parties, the trial court ordered, over Murphy's objection, that, in one instance, the word "drugs" be deleted and replaced with the word "unintelligible." Murphy urges that it was error for the trial court to alter the transcript. However, the trial court carefully instructed the jury that the transcript was not evidence and that the jury should make its own determination as to the accuracy of the transcript. We find no abuse of discretion in the procedure followed by the trial court. *Butler v. State*, 201 Ga. App. 58, 60 (2) (410 SE2d 168) (1991). See also *Guess v. State*, 264 Ga. 335, 336 (2) (443 SE2d 477) (1994).

6. Murphy enumerates as error the trial court's denial of his motion to dismiss and quash the indictment, urging the unconstitutionality of OCGA § 15-11-5 (b) (2). Murphy acknowledges that the constitutionality of OCGA § 15-11-5 (b) (2) was upheld in *Bishop v. State*, 265 Ga. 821 (462 SE2d 716) (1995). We adhere to our recent decision in *Bishop* and, consequently, find no merit in this enumeration.

7. Based on his mother's testimony at the *Jackson-Denno* hearing, Murphy contends that his confession was involuntary and should have been suppressed. The testimony of Murphy's mother conflicted with that of the investigating officers, and the trial court found that the officers' testimony was more credible than that of Murphy's mother. The trial court also found that no promise of benefit was extended to Murphy and that he knowingly and intelligently waived his rights prior to giving the confession. The trial court was entitled to determine the credibility of the witnesses and to believe the officers, and its findings were not clearly erroneous. *Worthy v. State*, 253 Ga. 661, 663-664 (3) (324 SE2d 431) (1985).

*Judgments affirmed. All the Justices concur, except Fletcher, P. J., who concurs in Divisions 1, 3, 4, 5, 6, 7 and in the judgment.*

DECIDED SEPTEMBER 9, 1996.

*Mark J. Nathan,* for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney, Michael J. Bowers, Attorney General, H. Maddox Kilgore, Assistant Attorney General,* for appellee.

