## A89A2218. MASON v. THE STATE.
### (390 SE2d 246)

BANKE, Presiding Judge.

On appeal from his conviction of selling cocaine, the appellant contends that the trial court erred in refusing to charge the jury on the defense of entrapment.

Two undercover narcotics officers testified that the appellant waved at them to stop while they were traveling in an unmarked patrol car, approached their vehicle, and asked them if they "were looking for anything." They testified that they told the appellant they were looking for cocaine and that he then offered to take them to a place where they could get some. The appellant got into the car with the officers and over the next 30 to 45 minutes directed them to several different locations, until they ultimately arrived at a mobile home park where, after obtaining $100 from the officers and leaving them his driver's license as security, he departed the vehicle. Upon his return approximately five minutes later, he handed them a quantity of cocaine, and they arrested him.

The appellant maintained that it was the officers who had stopped him on the night in question and that he had gotten into their car merely to get a ride home. While he denied being a seller of cocaine, he admitted being a user, stating that he had taken the officers' money "to see if [he] could buy some cocaine from somebody for them" with the expectation that they would share it with him if he was successful. *Held*:

"Entrapment exists where the idea and intention of the commission of the crime originated with a government officer . . . and he, by undue persuasion, incitement or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25. Even assuming that the idea to purchase cocaine originated with the officers, there is no suggestion that they induced the appellant to commit the crime through "undue persuasion, incitement or deceitful means." Accord

*Harold v. State*, 185 Ga. App. 481 (1) (364 SE2d 615) (1988); *McDonald v. State*, 156 Ga. App. 143 (4) (273 SE2d 881) (1980). Rather, " '[t]he trial transcript clearly shows that the defendant was a willing seller . . . to the undercover agent[s], and the authorities merely provided him with an opportunity to make a sale he was predisposed to make. "(T)here is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." [Cits.]' " *Mafnas v. State*, 149 Ga. App. 286, 290 (254 SE2d 409) (1979). It follows that the trial court did not err in refusing the appellant's request for a charge on entrapment.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 2, 1990.

*Robbins & White, Stanley W. Robbins*, for appellant.
*C. Andrew Fuller, District Attorney, Daniel A. Summer, Assistant District Attorney*, for appellee.