A89A2247. WYATT v. THE STATE.
(390 SE2d 85)

BANKE, Presiding Judge.

The appellant was convicted of four counts of selling cocaine in violation of the Controlled Substances Act. He contends on appeal that the evidence did not show that he had actually sold cocaine on any of the four occasions in question but merely that he had served as a procuring agent for the undercover agents who had made the purchases. He further contends that his testimony established as a matter of law that he had been entrapped by the agents. *Held*:

1. "The theory that one may act as a conduit or procuring agent of the purchaser and thus escape culpability as a seller has been considered and rejected by this court. [Cits.]" *Diana v. State*, 164 Ga. App. 779, 780 (298 SE2d 281) (1982).

2. The appellant contends that he proved entrapment by testifying that the undercover agents had sought him out and by further testifying that he had made the purchases for them with the intention of keeping a portion of the drugs for his own use in order to feed his cocaine habit.

The appellant's testimony that the undercover agents approached him rather than vice versa was disputed; and if it were undisputed, it would not establish an entrapment defense under the circumstances. "Entrapment exists where the idea and intention of the

commission of the crime originated with a government officer or employee, . . . *and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer."* OCGA § 16-3-25 (Emphasis supplied.) There was no evidence that any "undue persuasion, incitement, or deceitful means" were used to obtain the appellant's cooperation in this case. Indeed, he effectively admitted that he was ready and willing to cooperate with the agents in order to obtain drugs for his own use. Under the circumstances, his testimony cannot reasonably be said even to have raised the issue of entrapment, much less to have established the defense as a matter of law. See *Mason v. State*, 194 Ga. App. 152 (___ SE2d ___) (1990); *Raftis v. State*, 175 Ga. App. 893, 896 (4) (334 SE2d 857) (1985); *Diana v. State*, supra, 164 Ga. App. at 780 (2); *Mafnas v. State*, 149 Ga. App. 286, 290 (254 SE2d 409) (1979).

3. The evidence, considered in its entirety, was amply sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt on each of the four counts of which he was convicted. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 3, 1990.

*Dious, Bailey & Associates, I. Kenneth Dious*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.