## A90A1098. CLAYTON v. THE STATE.
(398 SE2d 723)

COOPER, Judge.

Appellant was convicted by a jury of possession of cocaine. Appellant's sole enumeration of error is that the trial court erred in refusing to charge the jury on the defense of entrapment.

In his testimony at trial, appellant denied that he committed the crime claiming that he did not know he was carrying a package containing cocaine. " '[I]f a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.' [Cits.]" Harold v. State, 185 Ga. App. 481 (1) (364 SE2d 615) (1988). See Gregoroff v. State, 248 Ga. 667, 672 (285 SE2d 537) (1982). A review of the State's evidence reveals that the police arrested another individual on possession of cocaine who agreed to cooperate with the police in identifying his drug supplier. This informant called appellant's beeper several times, using a special code appellant had assigned to him. Appellant returned the call to the informant's home, where the informant had been escorted by two police officers. The informant and the police officer present during the phone call testified that the call lasted less than one minute; that the informant requested appellant to bring him cocaine, using terminology known to drug dealers; that appellant came to informant's home in the early morning hours approximately one-half hour after the phone call; and that appellant had a slab of crack cocaine wrapped in a clear wrapper in his pocket. Appellant testified that the informant, who he knew from appellant's work as a bondsman, requested that he pick up money from a third party; that the telephone conversation was more involved than presented by the State; that appellant was given a package by the third party to deliver to the informant which was wrapped in an opaque wrapping; and that appellant did not know the package contained cocaine. Although the informant was cooperating with the police and the police were present during the phone calls

to appellant, the State's case did not inject evidence of entrapment. "[A]rtifice and stratagem may be employed to catch those engaged in criminal enterprises and it is not entrapment merely to furnish an opportunity to commit an offense if the individual is predisposed to undertake such commission. [Cit.]" *Busener v. State*, 188 Ga. App. 392, 394 (373 SE2d 81) (1988). There is no evidence that appellant was induced to commit the crime charged " ' "by undue persuasion, incitement, or deceitful means." ' " *Harold*, supra at 482. As stated by the United States Supreme Court in *Mathews v. United States*, 485 U. S. 58, 66 (108 SC 833, 99 LE2d 54) (1988), "[e]vidence that Government agents merely afforded an opportunity or facilities for the commission of the crime would be insufficient to warrant . . . an instruction [on the defense of entrapment]." In light of the evidence adduced at trial, appellant was not entitled to a charge on the defense of entrapment and the court did not err in disallowing appellant's counsel to argue entrapment to the jury during closing argument. Appellant's enumeration is without merit.

*Judgment affirmed. Banke, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 10, 1990 —
REHEARING DENIED NOVEMBER 19, 1990.

*Frank K. Martin*, for appellant.
*Douglas C. Pullen, District Attorney, Martha D. Blackmon, Assistant District Attorney*, for appellee.