A91A1107. EDMONDSON v. THE STATE.
(411 SE2d 879)

COOPER, Judge.

Appellant was convicted by a jury of violating the Georgia Controlled Substances Act and raises as a sole enumeration of error the trial court's failure to give his request to charge on entrapment.

The State presented the following evidence at trial. Appellant's employer hired a private firm to investigate theft and drug problems within the company. The firm placed Alfonso Futch ("Futch") with the company as an undercover investigator, and Futch was assigned to operate a forklift alongside appellant. While working together over several months, the two discussed appellant's claims that he sold drugs at the work site. On one occasion, appellant told Futch that he had a quantity of drugs for sale which was selling out fast. Futch noti-

fied Clayton County narcotics officers to arrange an authorized drug buy from appellant, and the officers supplied Futch with money with recorded serial numbers and wired Futch with a body bug. The buy was conducted under the surveillance of the officers; however, the body bug malfunctioned, and the recording was practically inaudible. Futch turned over to the officers two bags containing $20 worth of marijuana. Appellant testified that he became suspicious of Futch because of Futch's persistence in trying to obtain drugs from him and that he set up a fake dope deal to expose Futch, in which he sold an herb called golden seal, instead of marijuana.

" ' "(I)f a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime." (Cits.)' [Cits.]" *Clayton v. State*, 197 Ga. App. 616 (398 SE2d 723) (1990). Appellant presented evidence of entrapment and denied committing the crime; therefore, we must look to the evidence presented by the State to determine whether appellant was entitled to a charge on entrapment. See *Gregoroff v. State*, 248 Ga. 667 (285 SE2d 537) (1982). In our view, the State's evidence did not raise the issue of entrapment. "Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." OCGA § 16-3-25; *Wyatt v. State*, 194 Ga. App. 159 (2) (390 SE2d 85) (1990). There is no evidence that such means were employed by Futch. "As stated by the United States Supreme Court in *Mathews v. United States*, 485 U. S. 58, 66 (108 SC 833, 99 LE2d 54) (1988), '(e)vidence that Government agents merely afforded an opportunity or facilities for the commission of the crime would be insufficient to warrant . . . an instruction (on the defense of entrapment).' " *Clayton*, supra at 617. Accordingly, the trial court did not err in refusing to give appellant's charge on entrapment.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 22, 1991.

*Lillian L. Neal*, for appellant.

*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.