A93A0176. OSWELL v. THE STATE.
(432 SE2d 586)

JOHNSON, Judge.

George Merrill Oswell appeals from his conviction of two counts of sale of marijuana.

1. Oswell contends that the trial court erred in refusing to charge the jury on his sole defense of entrapment. "In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. [Cits.] Under the majority view (which is followed in Georgia), the predisposition of the defendant toward crime is the key element of the defense. [Cits.]" *Keaton v. State,* 253 Ga. 70, 71-72 (316 SE2d 452) (1984). In the instant case, there is no evidence of the second and third elements of entrapment.

The evidence shows that a police informant arranged a meeting between Oswell and two undercover police officers in the parking lot of a convenience store. At the meeting, one of the officers told Oswell that he wanted to purchase a quarter ounce of marijuana. Oswell told the officer that the price of a quarter ounce of marijuana was $40. Oswell then gave the officer a plastic bag containing marijuana and the officer gave Oswell $40. Eight days later, the officers were playing horseshoes with the informant outside his mobile home. Oswell stopped in front of the mobile home in his car. The officers did not arrange this meeting and there is no evidence that the informant arranged it. The officers and the informant approached Oswell's car. Oswell told them that he had two quarter bags of marijuana that he would sell for $35 apiece. Oswell then gave the officers the marijuana in exchange for $70. There is no evidence that either sale of marijuana was induced by the police officers' undue persuasion, incitement or deceit; nor is there any evidence that Oswell was not predisposed

to sell the marijuana. See *Wyatt v. State*, 194 Ga. App. 159 (390 SE2d 85) (1990); *Hush v. State*, 193 Ga. App. 421, 422 (2) (387 SE2d 651) (1989).

On both occasions Oswell was a willing seller to the undercover agents. The authorities merely provided him with the opportunity to carry out the sales he was predisposed to make. "There is no entrapment where the officer merely furnishes an opportunity to a defendant who is ready to commit the offense." (Citations and punctuation omitted.) *Mason v. State*, 194 Ga. App. 152, 153 (390 SE2d 246) (1990). "[E]vidence that Government agents merely afforded an opportunity or facilities for the commission of the crime would be insufficient to warrant an instruction on the defense of entrapment." (Citations and punctuation omitted.) *Edmondson v. State*, 201 Ga. App. 566, 567 (411 SE2d 879) (1991). Because there is no evidence that Oswell was entrapped, the trial court did not err in refusing to charge the jury on such a defense. "Nor does the fact that entrapment was the only defense raised by appellant require a different result. Where there is no evidence to support a theory of entrapment, it is no more 'raised' than any other defense not supported by evidence." (Citations and punctuation omitted.) *Hush v. State*, supra at 422 (2).

2. Oswell argues that the court erred in refusing to reopen the evidence so he could testify. "It is well settled that the reopening of the evidence is within the sound discretion of the trial court. That decision will not be disturbed absent an abuse of discretion. [Cits.]" *Killens v. State*, 184 Ga. App. 717, 721 (5) (362 SE2d 425) (1987). No record of what Oswell would have testified to was made and therefore we are unable to ascertain whether he was harmed by the court's ruling. *Mooneyham v. State*, 251 Ga. 404, 407-408 (2) (306 SE2d 272) (1983). The trial court did not abuse its discretion.

*Judgment affirmed. Smith, J., concurs. Blackburn, J., concurs in judgment only.*

DECIDED MAY 27, 1993 —
RECONSIDERATION DENIED JUNE 9, 1993

R. Glen Galbaugh, for appellant.
C. Andrew Fuller, District Attorney, Lee Darragh, Assistant District Attorney, for appellee.