## A94A0109. BYRD v. THE STATE.
(440 SE2d 764)

JOHNSON, Judge.

Eddie Byrd was tried before a jury and convicted of one count of sale of cocaine. He appeals from his conviction, asserting two related enumerations of error.

1. Byrd contends that the trial court erred in refusing to charge the jury on his sole defense of entrapment. "In Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the state agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. Under the majority view (which is followed in Georgia), the predisposition of the defendant toward crime is the key element of the defense." (Citations and punctuation omitted.) *Oswell v. State*, 208 Ga. App. 883 (1) (432 SE2d 586) (1993). As was the case in *Oswell*, there is no evidence in this case of the second or third elements of entrapment.

A civilian informant working for the Calhoun Police Department was fitted with a wire which allowed the transmission, interception and recording of his conversations. He was provided with $60 of city funds with which to purchase cocaine. The agent went to an area of town known as the "Wall," where he hoped to buy drugs. Byrd was not there, but the informant asked for him by his nickname, "Easy B." The tape, played at trial, indicates that Byrd arrived on the scene shortly after the agent's arrival and sold him four pieces of crack cocaine. Byrd then told the agent who to ask for if he was not on the street when the agent wanted to buy more. The informant placed the cocaine in a cigarette pack which he put into his shirt pocket and left the scene, meeting with police to deliver the drugs and recording device.

"There is no entrapment where the agent merely furnishes an opportunity to a defendant who is ready to commit the offense. . . . [A]bsent other circumstances, it is generally held that where an [agent] simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available." (Citations and punctuation omitted.) *Adams v. State*, 207 Ga. App. 119, 120 (1) (427 SE2d 90) (1993). See also *Clayton v. State*, 197 Ga. App. 616 (398 SE2d 723) (1990). Not only is there no evidence that Byrd was not predisposed to committing the crime of sale of cocaine, Byrd appeared ready and willing to sell the cocaine to the agent. There is

simply no evidence in the record that the agent used undue persuasion, incitement, or deceitful means in order to effect the transaction. Byrd did not present any evidence in the case and nothing in the State's case raises the issue of entrapment. The trial court did not err in refusing to charge the jury on that theory.

2. There being insufficient evidence to warrant a jury instruction on entrapment, it was not error for the trial court to prevent counsel from presenting argument on that issue during closing remarks. "The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evidence. The proper range of comment by counsel is a matter within the discretion of the trial court." (Citation and punctuation omitted.) *Osborne v. State*, 177 Ga. App. 408, 409 (339 SE2d 627) (1985). A review of the evidence presented in this case gives us no reason to interfere with that discretion.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 8, 1994.

*Scott J. Forster*, for appellant.

*T. Joseph Campbell*, District Attorney, *Mickey R. Thacker*, Assistant District Attorney, for appellee.