A97A1820. HAYNES v. THE STATE.
(495 SE2d 591)

Judge Harold R. Banke.

George Haynes was convicted of sale of cocaine and possession of cocaine with intent to distribute. He enumerates two errors, chal-

lenging the sufficiency of the evidence and the trial court's refusal to instruct the jury on entrapment.

This case arose just prior to the execution of a search warrant on Haynes' residence. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). An undercover officer drove up to Haynes' residence, waved, and said, "Hey George, remember me?" Haynes responded in the affirmative, walked over to the officer's unmarked car, and asked what he needed. When the officer requested two rocks, Haynes responded, "Okay" and went back in his house. On his return seconds later, Haynes handed the officer two rocks of crack cocaine in exchange for $40. The undercover officer then radioed his colleagues who were waiting nearby to execute the warrant. During the search, the officers discovered $380 on Haynes, and 18 rocks of crack cocaine on or in his refrigerator with a total weight of 2.2 grams. *Held*:

1. Notwithstanding Haynes' argument to the contrary, the evidence of intent to distribute, viewed in the light most favorable to the verdict, is sufficient to sustain the conviction under *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The undercover officer's testimony that Haynes exchanged cocaine for cash just prior to the arrest undermines the defense's contention that the State proved no more than mere possession. *Williams v. State*, 199 Ga. App. 544 (1) (405 SE2d 539) (1991). Further, at the time of his arrest, Haynes had over $300 on his person, did not appear to be under the influence of drugs, and possessed no smoking implements or other drug paraphernalia demonstrating his personal use. See *Palmer v. State*, 210 Ga. App. 717, 718 (437 SE2d 490) (1993). This evidence, coupled with the number of rocks, provides proof of intent to distribute sufficient to allow a rational jury to find Haynes guilty beyond a reasonable doubt. Id.; see *Lester v. State*, 226 Ga. App. 373, 376-377 (2) (487 SE2d 25) (1997).

2. The evidence did not support a charge on entrapment. Entrapment requires proof that (1) the idea of the crime originated with the state agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime. *Byrd v. State*, 211 Ga. App. 881 (1) (440 SE2d 764) (1994). Haynes presented no evidence of the second element. *Brooks v. State*, 224 Ga. App. 829, 830 (1) (482 SE2d 725) (1997) (defendant bears the burden of establishing a prima facie case of entrapment). Even repeated requests for contraband knowingly possessed by an individual who at first demurs do not constitute entrapment. *Lawrence v. State*, 227 Ga. App. 70, 73 (6) (487 SE2d 608) (1997). Here, the undercover officer garnered the desired action after only one request. Compare *Wagner v. State*, 220 Ga. App. 71 (467 SE2d 385)

(1996). The facts that the agent did not announce his status as such and pretended that he and Haynes were previously acquainted do not require a different result, notwithstanding Haynes' unsupported assertions to the contrary. *Adams v. State*, 207 Ga. App. 119, 120 (1) (427 SE2d 90) (1993); see *Lawrence*, 227 Ga. App. at 73 (6).

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED JANUARY 8, 1998.

*Joel N. Shiver*, for appellant.

*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.