A98A2093. HINTON v. THE STATE.
(511 SE2d 547)

RUFFIN, Judge.

A jury found Royce Hinton guilty of criminal attempt to possess cocaine in violation of the Georgia Controlled Substances Act. Hinton appeals, contending that the trial court erred in failing to charge the jury on the defense of entrapment. For reasons which follow, we affirm.

On April 14, 1997, the Forest Park Police Department set up a "street sweep operation" in which undercover police officers posed as dealers selling crack cocaine. Rather than using real drugs, the police

---

[2] Id.

[3] *Poissonnier v. Better Business Bureau of West Ga.-East Alabama*, 180 Ga. App. 588 (349 SE2d 813) (1986).

[4] Id.

used broken sheet rock in small bags. Hinton rode a bicycle up to plainclothes officers standing outside an abandoned house in an area known for drug dealing. According to Officer Jeffrey Thomas, Hinton asked for "one rock" and handed Thomas a $10 bill. Thomas testified that it is common for drug purchasers to use a slang term such as "rock" rather than ask for crack cocaine. After Thomas handed Hinton a bag of the simulated crack cocaine, Hinton was arrested.

According to Hinton, he never intended to purchase crack cocaine. Instead, he claims he approached the officers to inquire about purchasing scrap tin which he saw near the abandoned house. Hinton testified that he asked the officer "do you have any scrap tin?" When the officer asked Hinton how much money he had, Hinton stated that he pulled $12 out of his pocket and showed it to the officer. Hinton maintains that the officer took the money out of his hand and thrust a little bag at him. Despite his protesting that he did not want the bag, Hinton was arrested.

In direct contravention of Hinton's testimony, Thomas testified that Hinton never mentioned scrap metal. Moreover, he stated that the yard of the abandoned house did not contain scrap metal.

Hinton claims the trial court erred in failing to instruct the jury on entrapment, a charge that he had requested in writing. "When there is a timely written request for an instruction on an affirmative defense that is supported by evidence, it is reversible error to fail to give the instruction, whether verbatim or in substance." (Punctuation omitted.) *Sapp v. State*, 179 Ga. App. 614, 615 (2) (347 SE2d 354) (1986). "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998).

Here, neither the State's version nor Hinton's version of events raises the issue of entrapment. "Entrapment requires proof that (1) the idea of the crime originated with the state agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime. [Hinton] presented no evidence of the second element." (Citation omitted.) *Haynes v. State*, 230 Ga. App. 107, 108 (2) (495 SE2d 591) (1998). Moreover, "[i]t does not constitute entrapment where a defendant approaches a police officer . . . with an offer to commit a crime, if that officer then plays a role in order to provide the defendant with an opportunity to commit the intended offense." (Punctuation omitted.) *Howell v. State*, 157 Ga. App. 451, 454 (3) (278 SE2d 43) (1981). In this case, the evidence demonstrates that Hinton voluntarily approached the police officers, who merely provided an opportunity for him to attempt to purchase crack cocaine.

Furthermore, Hinton does not contend that the undercover officers took any action to entice him to make the approach. Rather,

he argues that he approached the officers for a reason other than the purchase of crack cocaine. In other words, Hinton's defense is to deny committing the crime with which he had been charged. As a general rule, to warrant a jury charge on the defense of entrapment, a defendant must admit the commission of the crime, but argue that the commission was the result of the unlawful solicitation or inducement of a law enforcement agent. *Griffin v. State*, 154 Ga. App. 261, 263 (3) (267 SE2d 867) (1980). Thus, Hinton's denial of the offense precludes an entrapment defense.

Hinton "cites the decision in *Gregoroff v. State*, 248 Ga. 667, 671 (285 SE2d 537) [(1982)], which states that where the State, rather than defendant, injects evidence of entrapment into the case and defendant offers no evidence of entrapment which contradicts his primary defense that he did not commit the crime charged he may request a charge on entrapment without admitting commission of the crime." *Bell v. State*, 208 Ga. App. 337, 339 (4) (430 SE2d 777) (1993). Here, the State presents no evidence authorizing a jury charge on entrapment. "The State's evidence which [Hinton] must view as suggesting entrapment is no more than a[n opportunity] to purchase contraband." Id. However, "[a]rtifice and stratagem may be employed to catch those engaged in criminal enterprises and it is not entrapment merely to furnish an opportunity to commit an offense if the individual is predisposed to undertake such commission." (Punctuation omitted.) *Clayton v. State*, 197 Ga. App. 616, 617 (398 SE2d 723) (1990). Under these circumstances, the trial court did not err in refusing to charge the jury on entrapment.

*Judgment affirmed. Pope, P. J., and Beasley, P. J., concur.*

DECIDED JANUARY 28, 1999.

*Richard H. Johnston & Associates, Gregory M. Brown*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.