A99A1907. HEATH v. THE STATE.
(522 SE2d 761)

ELLINGTON, Judge.

Donald Everett Heath was convicted by a jury of criminal attempt to possess cocaine in violation of the Georgia Controlled Substances Act, OCGA §§ 16-4-1; 16-13-30 (a). Heath appeals, enumerating two errors: that the trial court erred in failing to charge the jury on his sole defense of entrapment and that the evidence was insufficient to convict. We conclude that the evidence was sufficient to support the jury's verdict and that Heath failed to present any evidence of entrapment and, therefore, affirm.

1. Heath was arrested during the course of a reverse sting operation in which an undercover officer posed as a drug dealer. He contends that there was insufficient evidence of intent to buy a controlled substance.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The jury's verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State*, 227 Ga. App. 870-871 (1) (490 SE2d 539) (1997). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in this light, the evidence shows that the officer posing

as a drug dealer was standing approximately two feet inside the open door of an apartment which was known in the neighborhood as a place to buy drugs. Heath approached the door and knocked. The officer said, "What's up, man?" Heath, who was holding two $5 bills in his hand, responded, "Let me get it (or 'hit it') two times," which was slang for purchasing two quantities of the drugs being offered. The officer went to the nearby refrigerator, took a bag from the freezer compartment, put several pieces of counterfeit crack cocaine in his hand and told Heath to pick the two he wanted. Heath selected two pieces and gave the money to the officer. The officer gave a pre-arranged signal to two uniformed officers hiding in a bedroom that the transaction was completed, and Heath was placed under arrest. Under the standard established by *Jackson v. Virginia*, this evidence was sufficient to convict Heath of attempting to possess cocaine. *Day v. State*, 235 Ga. App. 771 (1) (510 SE2d 579) (1998).

Heath's contention that there was no evidence that he believed he was purchasing a controlled substance is belied by his own testimony. Heath testified that the material the officer presented to him "looked like rock cocaine" and that he "chose two of them." He testified that when he was handing the $10 to the officer, he "was attempting to buy cocaine." Heath's argument is without merit.

2. Heath argues the trial court erred in failing to instruct the jury on entrapment, a charge he requested in writing. Heath testified that the officer posing as a drug dealer was not standing inside the apartment but outside in the yard. He testified that the officer gestured to him, indicating that he was offering drugs for sale. So, Heath walked over to him and started a conversation, asking (in slang) whether he was selling drugs. Heath testified that he would not have gone in the officer's direction if the officer had not made some kind of gesture. Heath admitted, however, that he was in the area for the purpose of buying drugs. " 'Entrapment requires proof that (1) the idea of the crime originated with the state agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime.' " *Hinton v. State*, 236 Ga. App. 140, 141 (511 SE2d 547) (1999). See OCGA § 16-3-25. "The trial court must charge the jury on the defendant's sole defense . . . if there is some evidence to support the charge." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991). "Whether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citation omitted.) *Davis v. State*, 269 Ga. 276, 279 (3) (496 SE2d 699) (1998).

Heath's testimony that the officer initiated the contact and offered to sell him drugs failed to raise the defense of entrapment because there was no evidence that the officer employed undue persuasion, incitement or deceit to induce him to buy drugs nor any evi-

dence that Heath was not predisposed to buy drugs. *Wyatt v. State*, 194 Ga. App. 159, 160 (2) (390 SE2d 85) (1990); cf. *Hattaway v. State*, 185 Ga. App. 607, 608-609 (365 SE2d 480) (1988) (evidence of repeated and persistent requests to purchase drugs was sufficient to raise entrapment defense for jury's consideration). Because the evidence showed that the officer in this case merely provided Heath with the opportunity to commit the crime he specifically set out to commit, the trial court did not err in refusing to charge the jury on entrapment. *Oswell v. State*, 208 Ga. App. 883, 884 (1) (432 SE2d 586) (1993).

*Judgment affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 28, 1999 —
RECONSIDERATION DENIED OCTOBER 21, 1999.

Donald E. Heath, *pro se.*

Peter J. Skandalakis, District Attorney, Hope F. Smelcer, Assistant District Attorney, for appellee.