## A02A0736. ST. JEAN v. THE STATE.
### (564 SE2d 534)

ANDREWS, Presiding Judge.

Fedelin St. Jean appeals from the judgment entered after a jury found him guilty of trafficking in cocaine and possession of a firearm during the commission of a felony. St. Jean argues that the trial court erred in refusing to give a requested charge on the defense of entrapment.[1] For the following reasons we conclude there was no error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, was as follows. A drug task force investigator testified that this case arose when a confidential informant told him that St. Jean was selling cocaine. The investigator told the informant to arrange a meeting with St. Jean to buy a kilogram of cocaine. Before going to the meeting the investigator fitted the informant with a body bug, followed the informant to the place where the "buy" was to take place, and set up surveillance across the street. After the informant was shown the cocaine, she gave a prearranged signal, and the officers arrested St. Jean and a companion. The substance confiscated at the time of arrest was later determined to be 2.2 pounds of cocaine.

St. Jean testified in his own defense. He said that after he and the confidential informant became friends, she began calling him and talking about getting some cocaine. St. Jean said that whenever she mentioned the cocaine he would tell her, "I don't do that." But, because he was interested in pursuing a relationship with the confidential informant, he told her that he had a friend and he would talk to him and call her back. St. Jean said he told a friend of his about the woman and the friend said he wanted to meet her. St. Jean admitted to setting up the meeting between his friend and the confidential informant, but claimed that he did not know that his friend had brought the cocaine with him to the meeting.

Although he denied that he had committed the crimes charged, St. Jean nevertheless requested a jury charge on the defense of entrapment. The trial court pointed out that St. Jean's testimony was that he was merely present when the buy took place and that he did not know his friend was going to sell cocaine to the confidential informant at the meeting. In refusing to give the requested charge, the court stated that a defendant must first admit he committed the offense before raising the defense of entrapment.

---

[1] St. Jean originally filed this appeal in the Supreme Court of Georgia because of a constitutional challenge to OCGA § 16-13-31 (f) (1) and (2). The Supreme Court held that a constitutional attack on a criminal statute cannot be raised for the first time in a motion for new trial or motion in arrest of judgment and transferred the case to this Court.

OCGA § 16-3-25 provides:

A person is not guilty of a crime if, by entrapment, his conduct is induced or solicited by a government officer or employee, or agent of either, for the purpose of obtaining evidence to be used in prosecuting the person for commission of the crime. Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee, or with an agent of either, and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer.

As a general rule, in order to raise the defense of entrapment, the defendant must first admit the commission of the crime and then show that he did so because of the unlawful solicitation or inducement of a law enforcement officer. *Gregoroff v. State*, 248 Ga. 667, 669-670 (285 SE2d 537) (1982). "The rationale for this rule is that it is thought to be factually inconsistent and confusing for a defendant to deny that he committed a criminal act and simultaneously to complain that he was entrapped into its commission." Id. at 670. But, "if a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime." (Punctuation omitted.) *Harold v. State*, 185 Ga. App. 481, 482 (364 SE2d 615) (1988). See *Gregoroff*, supra at 672.

Here, St. Jean presented evidence of entrapment that arguably was not inconsistent with his denial of the commission of the crime; therefore, we must look to the evidence presented by the State to determine whether appellant was entitled to a charge on entrapment. *Edmondson v. State*, 201 Ga. App. 566, 567 (411 SE2d 879) (1991).

First, we note that in Georgia, the entrapment defense consists of three distinct elements: (1) the idea for the commission of the crime must originate with the State agent; (2) the crime must be induced by the agent's undue persuasion, incitement, or deceit; and (3) the defendant must not be predisposed to commit the crime. *Keaton v. State*, 253 Ga. 70, 71-72 (316 SE2d 452) (1984). A review of the evidence in this case shows that the State did not introduce evidence sufficient to warrant a jury charge on this issue. Although the idea for the crime did originate with the State agent, there was no evidence presented by the State of the other two elements: undue persuasion, incitement, or deceit; or that St. Jean was not predisposed to commit the crime.

Accordingly, because the State presented no evidence from which the jury could make a reasonable inference of entrapment, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 18, 2002.

*Clark & Towne, Wystan B. Getz*, for appellant.

*Daniel J. Porter, District Attorney, John S. Melvin, Assistant District Attorney*, for appellee.

