## A06A1600. CAMPBELL v. THE STATE.
(636 SE2d 687)

SMITH, Presiding Judge.

Bernard Campbell was charged with trafficking in cocaine, but a jury found him guilty only of the lesser included offense of possession of cocaine. Following the denial of his motion for new trial, Campbell appeals, arguing that the trial court erred in refusing to instruct the jury on the affirmative defense of entrapment and that his trial counsel was ineffective in failing to present evidence of entrapment. We find no error and affirm.

The evidence showed that a confidential informant was told by a drug dealer that Campbell could sell him drugs. The informant contacted Campbell who agreed to sell the informant crack cocaine. Police recorded the conversation and arranged for the informant and Campbell to meet at a Kroger store for the exchange. When the informant arrived, Campbell was not there. The informant called Campbell who explained that he had left because the informant was late. Campbell agreed to return, and when he arrived to meet the informant, they argued because Campbell did not have the crack but wanted the informant to ride with him to get the drugs. After some discussion, Campbell left and returned with a passenger. The passenger got out of the car, handed the informant the crack cocaine, and accepted the informant's money. The informant then signaled for police, who subsequently arrested both Campbell and his passenger.

1. Campbell argues that the trial court erred in failing to instruct the jury on entrapment. It is reversible error to fail to give an instruction on an affirmative defense supported by the evidence. *Hinton v. State*, 236 Ga. App. 140, 141 (511 SE2d 547) (1999). And "[w]hether the evidence presented is sufficient to authorize the giving of a charge is a question of law." (Citations and punctuation omitted.) Id.

Campbell testified that he would not have participated in the drug sale if the informant had not initiated it by contacting him. "Entrapment requires proof that (1) the idea of the crime originated with the state agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime." (Citation omitted.) *Haynes v. State*, 230 Ga. App. 107, 108 (2) (495 SE2d 591) (1998); see OCGA § 16-3-25. "There is no entrapment where the agent merely furnishes an opportunity to a defendant who is ready to commit the offense. . . . Absent other circumstances, it is generally held that where an agent simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available." (Citations and punctuation omitted.) *Byrd v. State*, 211 Ga. App. 881 (1) (440 SE2d 764) (1994).

Here, Campbell testified that he had never trafficked in cocaine. The evidence also showed, however, that Campbell was referred to the informant as someone who could provide a large quantity of drugs. In any case, Campbell has failed to satisfy the second prong of the test to show entrapment as no evidence was presented to show that the informant employed undue persuasion, incitement or deceit to induce Campbell into selling the drugs. See *Heath v. State*, 240 Ga. App. 492, 493-494 (2) (522 SE2d 761) (1999). Rather, the evidence showed that Campbell acted to "pick up some extra money." The informant merely furnished an opportunity to Campbell who was ready to commit the offense. See *Byrd*, supra, 211 Ga. App. at 881 (1). Under these circumstances, the trial court did not err in refusing to instruct the jury on entrapment. See *Heath*, supra, 240 Ga. App. at 494 (2).

2. Campbell complains that his trial counsel rendered ineffective assistance in failing to present evidence of an entrapment defense. To prevail on a claim of ineffective assistance of counsel, Campbell must show that counsel's performance was deficient and that, but for the deficient performance, there is a reasonable likelihood that the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Campbell contends that trial counsel failed to elicit certain facts from him during direct examination that would have shown the informant's undue persuasion. Specifically, he complains that trial counsel failed to elicit facts showing (1) that Campbell had to obtain the drugs from a third party, (2) that the informant had to make repeated telephone calls to Campbell to make the deal happen, and (3) that Campbell was ready to walk away from the deal during his argument with the informant. Most of those facts, however, were cumulative of other testimony presented at trial, and counsel's failure to present cumulative evidence is not ineffective assistance. See *Mann v. State*, 276 Ga. App. 720, 723 (624 SE2d 208) (2005). The informant testified that he and Campbell argued because Campbell wanted to drive him to get the drugs and that Campbell almost walked away from the deal as a result. He testified further that Campbell had to get the drugs from a third party. See id.

Campbell also argues that trial counsel failed to elicit his testimony that there were several phone calls made by the informant to "make the deal happen." Although trial counsel admitted at the hearing on the motion for new trial, that he should have conducted a more thorough direct examination of Campbell, Campbell has failed to explain the content of these additional telephone conversations or to state what additional facts they would have revealed. He has therefore failed to show that there is a reasonable likelihood that the outcome would have been different.

Because Campbell has not satisfied the requirements of the *Strickland* test, his claim of ineffective assistance must fail.
*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 7, 2006.

*William F. Rucker*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Assistant District Attorney*, for appellee.