## A07A2386. LIGHTSEY v. THE STATE.
### (656 SE2d 852)

BERNES, Judge.

A Ben Hill County jury convicted Ivan Jerel Lightsey of sale of cocaine. On appeal, Lightsey contends that the trial court erred in failing to charge the jury on entrapment. Lightsey further argues that the trial court should have granted his motion for a directed verdict of acquittal because the state purportedly failed to prove he was not entrapped beyond a reasonable doubt. Finding no error, we affirm.

Construed in favor of the verdict, the evidence shows that on June 23, 2005, a police captain with the City of Fitzgerald Police Department engaged a female confidential informant to make controlled drug buys in Ben Hill County. The captain provided the informant a vehicle wired with sound and video surveillance equipment, gave her money to purchase drugs, and instructed her to drive to a targeted area where she should attempt to make the purchases. The informant was paid in return for carrying out the buys.

While driving around in the targeted area, the informant saw Lightsey on a bicycle. Lightsey called out for the informant to approach him. The informant did so and asked Lightsey where she could purchase $20 worth of cocaine. In response, Lightsey handed the informant a packet of a substance later identified as cocaine, and the informant handed him $20 in return. Following the exchange, the informant drove from the scene.

The informant met the police captain at a designated location and turned over the packet of suspected cocaine she had received from Lightsey. The informant had placed the package in a marked bag upon which she had listed the date and time of the transaction, the type of suspected drug, and a description of the seller. After receiving the marked bag, the captain had it taken to the state crime lab, where the substance received from Lightsey tested positive for cocaine. The captain also retrieved and reviewed the surveillance tape from the vehicle. While reviewing the tape, the captain was able to identify the location of the buy, and he recognized Lightsey (who he already knew) as the seller.

Lightsey was arrested, indicted, and tried on one count of sale of cocaine. The police captain and the informant testified at trial to the events as set out above. Additionally, the state introduced the surveillance tape into evidence, which was played for the jury. Lightsey did not testify or present any witnesses on his behalf. After hearing the evidence, the jury convicted Lightsey of the charged offense.

1. Lightsey asserts that the trial court erred in failing to instruct the jury on the affirmative defense of entrapment. "Entrapment requires proof that (1) the idea of the crime originated with the state

agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime." (Citations and punctuation omitted.) *Campbell v. State*, 281 Ga. App. 503 (1) (636 SE2d 687) (2006). See OCGA § 16-3-25. If all of the elements of an affirmative defense are raised by the evidence, the trial court is required to charge the jury on the defense. *Ellzey v. State*, 272 Ga. App. 253, 257 (1) (612 SE2d 77) (2005).

We conclude that the defense of entrapment was not raised by the evidence in this case.

> There is no entrapment where the agent merely furnishes an opportunity to a defendant who is ready to commit the offense. Absent other circumstances, it is generally held that where an agent simply makes a request, as to purchase contraband, and there is ready compliance, the defense of entrapment is not available.

(Citation and punctuation omitted.) *Campbell*, 281 Ga. App. at 503 (1). Here, the informant's unrebutted testimony was that Lightsey called her over to him as she drove around the targeted area, and that in response to her request to purchase cocaine, Lightsey sold her some. Thus, the state's uncontradicted evidence showed that the idea of the crime originated with Lightsey, who called the informant over to him; an absence of undue persuasion, incitement or deceit by the state; and a predisposition by Lightsey to commit the crime. See *Flores v. State*, 277 Ga. App. 211, 214 (4) (626 SE2d 181) (2006). See also *Mitchell v. State*, 249 Ga. App. 520, 523 (2) (548 SE2d 469) (2001) (defendant's predisposition can be shown by his "[r]eady commission of [the] criminal act"); *Haynes v. State*, 230 Ga. App. 107, 108-109 (2) (495 SE2d 591) (1998) (informant's request for contraband, without more, does not show undue persuasion, incitement or deceit). Under these circumstances, the trial court committed no error in failing to charge the jury on entrapment. See *Maldonado v. State*, 284 Ga. App. 26, 30 (4) (643 SE2d 316) (2007); *Campbell*, 281 Ga. App. at 503-504 (1); *Flores*, 277 Ga. App. at 213-214 (4); *Haynes*, 230 Ga. App. at 108-109 (2); *Byrd v. State*, 211 Ga. App. 881, 881-882 (1) (440 SE2d 764) (1994).[1]

---

[1] Lightsey's argument notwithstanding, there is no attractive nuisance doctrine embedded in the law of entrapment. The fact that the informant was "an attractive female" does not show that Lightsey was induced to sell drugs to her as a result of undue persuasion, incitement or deceit. And this is true, even if the informant was a modern day Helen of Troy. Furthermore, the fact that the informant was paid by the state for successfully carrying out the controlled buy does not standing alone serve as proof of either the second or third elements of entrapment.

2. Lightsey also contends that the trial court should have granted his motion for a directed verdict of acquittal because the state allegedly failed to prove he was not entrapped beyond a reasonable doubt. "If a defendant presents a prima facie case of entrapment, then the State must disprove entrapment beyond a reasonable doubt." (Footnote omitted.) *Wiley v. State*, 250 Ga. App. 731, 734 (1) (552 SE2d 906) (2001). Whether the state has satisfied this burden "generally rests with the jury and only when there is no conflict in the evidence and all evidence demands a finding of entrapment must the trial judge direct a verdict of acquittal." (Citation and punctuation omitted.) *Finley v. State*, 214 Ga. App. 452, 453 (1) (448 SE2d 78) (1994). For the reasons discussed in Division 1, the trial evidence did not present a prima facie case of entrapment, much less demand a finding of entrapment as a matter of law. Accordingly, the trial court properly denied Lightsey's motion for a directed verdict of acquittal. See generally *Ellzey*, 272 Ga. App. at 258 (2); *Wiley*, 250 Ga. App. at 734 (1); *Finley*, 214 Ga. App. at 453-454 (1).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 14, 2008.

*Wesley M. Woolverton, John L. Tracy*, for appellant.
*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.