**FOURTH DIVISION
BARNES, P. J.,
MCMILLIAN, and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**February 9, 2016**

# In the Court of Appeals of Georgia

A15A2197. MURRAY v. THE STATE.

BARNES, Presiding Judge.

Timothy Murray appeals from the denial of his motion for new trial following his conviction for possession of marijuana with intent to distribute and providing a false name to law enforcement. He contends on appeal that the evidence was insufficient to sustain the possession of marijuana with intent to distribute conviction, the trial court erred in denying his motion for directed verdict, and that the trial court erred in failing to charge mistake of fact and entrapment. Following our review, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys a presumption of innocence." *Green v. State*, 323 Ga. App. 832 (748 SE2d 479) (2013). So viewed, the evidence demonstrates that on May 4, 2002, Daphne Howell found that a package originating in California had been delivered to her home. The UPS package was

addressed to her, but she was not expecting a delivery from California and she did not know anyone in California. When Howell opened the box, she saw a smaller box wrapped in cellophane that contained a "leafy material" and called police. Police took possession of the package and recovered 10 packages of marijuana weighing approximately 9.6 pounds from inside the box.

The next day, a man came to Howell's home and asked about the package. Howell was not home, but the man told a contractor working on her home that the package had been mistakenly delivered to Howell's address. He said that his name was "Mike Fikes" and gave the contractor his telephone number. After Howell provided police with the information, an officer called the number and said that she was Howell's daughter "Keisha" and arranged to meet "Mike Fikes" at a designated time in the parking lot of the Home Depot on Lawrenceville-Suwanee Road with the package. While they were talking, the man asked the officer if she had the police listening in on the other line, and if she had opened the package. The officer said no, and they planned to meet within 30 to 45 minutes.

At the designated time, the officer arrived at Home Depot, called the number and told the man she knew as "Mike Fikes" that he needed to hurry because she had to go to work. The officer testified that the man who answered was the same man she had

spoken to in the initial conversation. The man told her he was in the parking lot, and shortly thereafter Murray drove up and parked near the officer's waiting car. The officer opened her car's trunk, Murray picked up the package located in the trunk, examined it, placed it back and said "They got it confused." The officer signaled a take-down team positioned nearby, and Murray was arrested. Murray had his young daughter in the car with him.

Murray initially told police that his name was "Mike Fikes," but then later admitted that his name was Timothy Wayne Murray. In a recorded statement to police, Murray said that he met "Mike Fikes" at a club and that Fikes had asked him to pick up the box "from his baby's mama at Home Depot named Keisha," and that the box would contain "50 tabs of Ecstasy, or 50 rolls." He told police that Fikes was waiting on him at a nearby BP station in a green Altima, but the officers who investigated the location found nothing.

At trial, Murray testified that the package was not his and that he was expecting a package containing a stuffed bear and $200 from a cousin who lived in California. He further testified that he had found the "Mike Fikes" identification at a club in Birmingham, and commonly used it because he did not have a driver's license. Murray testified that he had instructed the cousin to address the package to Mike Fikes as well

3

in case he had to show identification. Murray acknowledged that he also had a Devry College picture identification, but testified that he did not use it because it was not a driver's license. Murray testified that he gave the police the false story about the rolls of ecstasy because they had threatened to send his daughter away with DFACS if he did not cooperate. During sentencing, the State introduced Murray's prior convictions for conspiracy to sell marijuana and possession of cocaine.[1]

1. Murray argues first that the evidence presented at trial was legally insufficient to support his conviction for possession of marijuana with intent to distribute. He contends that the State produced no direct evidence that Murray knew the sealed package contained marijuana or that he had the intent to distribute the marijuana, and thus under former OCGA § 24-4-6, "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[2] Murray contends that the State failed to exclude every reasonable hypothesis except that of his guilt.

---

[1] Murray was charged with possession of cocaine with intent to distribute but plead guilty to the lesser included charge of possession of cocaine.

[2] This case was tried under Georgia's old Evidence Code. Former OCGA § 24-4-6 is now codified in the new Evidence Code as OCGA § 24-14-6.

A conviction for possession can be based on constructive possession under certain conditions:

> A person may be found to have had constructive possession of contraband if it is shown that he had both the power and the intention at a given time to exercise dominion or control over it. A finding of constructive possession must be based upon some connection between the defendant and the contraband other than mere spatial proximity.

(Punctuation and footnote omitted.) *Thurmond v. State*, 304 Ga. App. 587, 591 (2) (696 SE2d 516) (2010). While the evidence is circumstantial with regard to Murray's constructive possession of the contraband, only reasonable alternative hypotheses must be excluded, and "it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt."(Citation, punctuation, and footnote omitted; emphasis in original.) *Peppers v. State*, 261 Ga. 338, 339 (1) (404 SE2d 788) (1991). "Whether the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of defendant's guilt is a question for the jury unless the verdict is insupportable as a matter of law." *Martin v. State*, 201 Ga. App. 716, 718 (1) (b) (411 SE2d 910) (1991). See also *Vega v. State*, 285 Ga. 32, 33 (1) (673 SE2d 223) (2009) ("'It was for the jury to determine the credibility of the witnesses and to resolve any conflicts or inconsistencies in the evidence.'") (citation and punctuation omitted).

In this case, evidence of Murray's behavior in attempting to obtain the package, including questioning Howell about whether she had contacted police and had opened the package, attempting to conceal his identity by using a false name, and his previous convictions for conspiracy to sell marijuana and possession of cocaine provided sufficient evidence from which a rational trier of fact could conclude, beyond a reasonable doubt, that he had knowledge of the presence of the marijuana in the package and the power and intention to exercise control over it. Thus, when viewed in the light most favorable to the verdicts, the evidence presented at trial and summarized above was sufficient to authorize a rational jury to find Murray guilty beyond a reasonable doubt of possession of marijuana with intent to distribute. See *Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. Murray also argues that the trial court erred by failing to direct a verdict of acquittal on the possession of marijuana with intent to distribute count. However, the standard of review for denial of a motion for directed verdict of acquittal is the same test as that set forth in *Jackson v. Virginia*. See *Yat v. State*, 279 Ga. 611, 612- 613 (1) (619 SE2d 637) (2005). And, as explained in Division 1, the evidence presented in this case was legally sufficient under that standard.

3. Murray also contends that the trial court erred in failing to charge mistake of fact. He asserts that the trial court's failure to charge mistake of fact sua sponte was harmful as a matter of law because it was an affirmative defense raised by the evidence. Murray contends that the charge was justified because of his "mistake of fact regarding the contents of the package," specifically that he thought the package contained a teddy bear and cash.

In his statement to police, Murray said that he believed the packaged contained rolls of Ecstasy, and that "Mike Fikes" promised him $1,000 and 50 rolls of Ecstasy to pick up the package from Keisha, who was Mike's baby's mother. At trial, he testified that he did not know anyone named "Mike Fikes" and had found the identification on the floor of a club, that he never possessed the box, and that he had given police a false statement because they had threatened to have DFACS take his daughter.

Mistake of fact represents an affirmative defense, under which "[a] person shall not be found guilty of a crime if the act … constituting the crime was induced by a misapprehension of fact which, if true, would have justified the act or omission." OCGA § 16-3-5. Murray did not affirmatively request a charge on mistake of fact or object to the omission of the charge, however "[t]he trial court must charge the jury on

7

the defendant's sole defense, even without a written request, if there is some evidence to support the charge."(Citation and punctuation omitted.) *Price v. State*, 289 Ga. 459, 459 (2) (712 SE2d 828) (2011).

Here, even assuming that despite's Murray's assertion during his trial testimony that he never possessed the package, the evidence could be construed to raise the affirmative defense of mistake in fact, we find no error in the trial court's failure to sua sponte give the charge on mistake of fact. "A trial court … need not specifically charge on an affirmative defense when the entire charge fairly presents the issues, including the defendant's theory, to the jury." *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

In this case, the trial court charged the jury on the presumption of innocence, the State's burden to prove Murray's guilt beyond a reasonable doubt, credibility of witnesses, party to a crime, criminal intent as an essential element of the crimes, and convictions based on circumstantial evidence. The trial court further charged that mere presence at the scene would not support Murray's conviction, and, with regard to the element of knowledge, that if the evidence showed "that the defendant had no knowledge that a crime was being committed or that the defendant did not knowingly and intentionally commit, participate, or help in the commission of the alleged offense,

8

then it would be your duty to acquit the defendant." Thus, because the charge as a whole fairly presented Murray's defense to the jury, the trial court did not err in failing to charge mistake of fact.

4. Murray also contends that the trial court also erred in failing to instruct the jury on the affirmative defense of entrapment.

> As a general rule, in order to raise the defense of entrapment, the defendant must first admit the commission of the crime and then show that he did so because of the unlawful solicitation or inducement of a law enforcement officer. The rationale for this rule is that it is thought to be factually inconsistent and confusing for a defendant to deny that he committed a criminal act and simultaneously to complain that he was entrapped into its commission. But, if a reasonable inference of entrapment may be drawn by a rational jury from the State's evidence, the defendant is entitled to a jury charge on entrapment unless he has presented evidence of entrapment inconsistent with his denial of the commission of the crime.

(Citations and punctuation omitted.) *St. Jean v. State*, 255 Ga. App. 129, 130 (564 SE2d 534) (2002). Murray did not assert a defense of entrapment at trial, request that it be charged, or admit to committing the crime, but contends on appeal that the sole evidence of entrapment stemmed from the State's evidence and thus there was no requirement that he admit to the commission of the crime.

9

"Entrapment requires proof that (1) the idea of the crime originated with the state agent; (2) the agent's undue persuasion, incitement or deceit induced the crime; and (3) the defendant was not predisposed to commit the crime." (Citations and punctuation omitted.) *Campbell v. State*, 281 Ga. App. 503 (1) (636 SE2d 687) (2006). See OCGA § 16-3-25."There is no entrapment where the agent merely furnishes an opportunity to a defendant who is ready to commit the offense." *Campbell*, 281 Ga. App. at 503 (1).

Here, the evidence demonstrates that while the police provided the opportunity for Murray to pick up the package, they did not put the contraband in the package, mail the package, or induce Murray to track the package down. Murray visited Howell's home several times and left his number for her to contact him so that he could pick up the package. This evidence does not demand a finding of entrapment, and thus the trial court did not err in failing to charge the jury on this defense.

*Judgment affirmed. Peterson, J., concurs. McMillian., J. concurs fully in Divisions 3 & 4 and in the judgment only as to Divisions 1 & 2.*